GIBSON, DUNN & CRUTCHER LLP
Daniel W. Nelson (*Pro Hac Vice* app. forthcoming)
DNelson@gibsondunn.com
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
Telephone: 202-955-8500
Fax: 202-530-4238

Christopher Chorba (SBN 216692)
CChorba@gibsondunn.com
Dhananjay S. Manthripragada (SBN 254433)
DManthripragada@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213-229-7000
Fax: 213-229-7520

Attorneys for Defendants Naked Juice Co. of Glendora, Inc. and PepsiCo, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| SARA SANDYS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>NAKED JUICE COMPANY [sic], a California corporation; PEPSICO INC., a New York corporation; and DOES 1-10,<br><br>　　　　　Defendants. | Case No. LA CV11-08007-JAK (PLAx)<br><br>**DEFENDANTS' NOTICE AND MOTION TO CONSOLIDATE RELATED CLASS ACTIONS, AND SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES;**<br><br>**SUPPORTING DECLARATION OF CHRISTOPHER CHORBA FILED CONCURRENTLY HEREWITH;**<br><br>**[PROPOSED] ORDER LODGED CONCURRENTLY HEREWITH;**<br><br>Hearing<br>Date:　　December 19, 2011<br>Time:　　8:30 a.m.<br>Place:　　Courtroom 750, 7th Floor<br><br>Action filed: September 27, 2011 |

TO PLAINTIFF AND HER ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on December 19, 2011 at 8:30 a.m., or as soon thereafter as they may be heard, in Courtroom 750, 7th Floor, of this Court, located at 255 East Temple Street, Los Angeles, CA 90012, Defendants Naked Juice Co. of Glendora, Inc. and PepsiCo, Inc., will and hereby do move this Court pursuant to Rule 42(a) of the Federal Rules of Civil Procedure for an order consolidating this action for all purposes, including discovery, pretrial proceedings, and trial, with the three related cases filed in this District:

- *Pappas v. Naked Juice Co. of Glendora, Inc.*, et al., No. LA CV-11-08276 JAK (PLAx) (filed October 5) ("*Pappas*"), currently pending before this Court;
- *Marchewka v. Naked Juice Co. of Glendora, Inc.*, No. SA CV-11-01701 DOC (RNPx) (filed November 7) ("*Marchewka*"), currently pending before this Court; and
- *Evans v. Naked Juice Co. of Glendora, Inc.*, et al., No. LA CV-11-9412-GW (PJWx) (filed November 10) ("*Evans*"), currently pending before Judge Wu.

This Motion is based on the fact that these four related actions involve numerous common questions of law and fact, including overlapping class definitions, claims, products, and challenged statements and ingredients. Consolidation will avoid unnecessary cost and delay and promote judicial efficiency by limiting the duplication of pretrial motions and discovery practice and by avoiding the risk of inconsistent adjudications.

This motion is made following the conference of counsel pursuant to Local Rule 7-3, which occurred on November 11, 2011, and through multiple other discussions before and after that date, including a written explanation of the requested relief to Plaintiff's counsel sent via e-mail on November 9. (Chorba Decl. ¶¶ 2-4.) Plaintiff's counsel indicated that she intends to oppose consolidation. (*Id.* ¶ 5.) Plaintiffs' counsel in *Pappas*, *Marchewka*, and *Evans* agree with Defendants on the need for consolidation and the general form it should take—formal consolidation under Rule 42, the filing of a master consolidated complaint, and the appointment of lead counsel. (*Id.* ¶ 6.)

1  This Motion is based on this Notice of Motion, the attached Memorandum of
2  Points and Authorities, the pleadings and papers on file in this action, and such other
3  matters as may be presented to the Court at the time of the hearing.

Dated: November 21, 2011            GIBSON, DUNN & CRUTCHER LLP

By: _____/s/ Christopher Chorba_____
          Christopher Chorba

Attorneys for Defendants Naked Juice Co. of Glendora, Inc. and PepsiCo, Inc.

**TABLE OF CONTENTS**

Page

I. INTRODUCTION AND SUMMARY OF ARGUMENT ................................... 1

II. SUMMARY OF ALLEGED FACTS AND PROCEDURAL BACKGROUND ................................................................................................ 2

III. THE COURT SHOULD CONSOLIDATE THE FOUR RELATED CASES BECAUSE THEY INVOLVE OVERLAPPING CLASS DEFINITIONS, PRODUCTS, FACTUAL ALLEGATIONS, AND CLAIMS ............................................................................................................ 2

    A. The Related Cases Present Substantially Identical Factual Allegations And Legal Issues ................................................................ 4

    B. Consolidation Will Promote Fairness And Judicial Efficiency And Avoid Unnecessary Cost And Delay ............................................. 5

IV. THE COURT SHOULD ALSO ORDER THE FILING OF A MASTER CONSOLIDATED COMPLAINT ......................................................... 7

V. CONCLUSION .................................................................................................. 8

Gibson, Dunn & Crutcher LLP

i

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Cantrell v. GAF Corp.*,
  999 F.2d 1007 (6th Cir. 1993)................................................................................7

*E.E.O.C. v. HBE Corp.*,
  135 F.3d 543 (8th Cir. 1998)..............................................................................5, 7

*Ferguson v. Corinthian Colleges Inc.*
  No. SACV-11-0127-DOC-(AJWx), 2011 WL 1519352 (C.D. Cal. Apr. 15, 2011)...3

*Funding Corp. of Am. Sec. Litig.*
  416 F. Supp. 161 (C.D. Cal. 1976).......................................................................3

*Hawecker v. Sorensen*,
  No. 1:10-cv-00085-OWW-JLT, 2011 WL 1560809 (E.D. Cal. Apr. 22, 2011).........6

*Heune v. United States*,
  743 F.2d 703 (9th Cir. 1984).................................................................................7

*In re Adams Apple, Inc.*,
  829 F.2d 1484 (9th Cir. 1987)...............................................................................3

*Intuitive Surgical, Inc. v. Cal. Institute of Tech.*,
  No. C07-0063-CW, 2007 WL 1150787 (N.D. Cal. 2007).....................................6

*Investors Research Co. v. U.S. Dist. Ct.*,
  877 F.2d 777 (9th Cir. 1989).................................................................................3

*Johnson v. Celotex Corp.*,
  899 F.2d 1281 (2d Cir. 1990)................................................................................7

*Leone v. Moore*,
  No. C-07-4073-PJH, 2007 WL 2972639 (N.D. Cal. 2007)...................................6

*Malcolm v. National Gypsum Co.*,
  995 F.2d 346 (2d Cir. 1993)..................................................................................7

*Mills v. Beech Aircraft Corp.*,
  886 F.2d 758 (5th Cir. 1989).................................................................................7

*Mohanty v. BigBand Networks, Inc.*,
  No. C-07-5101-SBA, 2008 WL 426250 (N.D. Cal. Feb. 14, 2008)....................3, 6

*Perez-Funez v. INS*,
  611 F. Supp. 990 (C.D. Cal. 1984).......................................................................3

*Schueneman v. Arena Pharms., Inc.*,
  No. 10-cv-1959-BTM(BLM), 2011 WL 3475380 (S.D. Cal. Aug. 8, 2011).............3

Gibson, Dunn & Crutcher LLP

*Seidel v. United States*,
  No. 5:09-cv-04875-JF, 2011 WL 1120023 (N.D. Cal. Mar. 28, 2011) ........................ 8

*Sparano v. Lief*,
  No. 10-cv-2079-BTM(BLM), 2011 WL 830109 (S.D. Cal. Mar. 3, 2011) ................ 7

*Vincent v. Hughes Air West, Inc.*,
  557 F.2d 759 (9th Cir. 1977) ........................................................................................ 3

*Wal-Mart Stores, Inc. v. Dukes*,
  131 S. Ct. 2541, 180 L. Ed. 2d 374 (2011) ................................................................. 4

**Other Authorities**

MANUAL FOR COMPLEX LITIGATION (4th ed. 2004) ....................................................... 3, 8

**Rules**

C.D. Cal. L.R. 83-1.3 ........................................................................................................ 9

C.D. Cal. L.R. 83-1.3.1(a)-(c) .......................................................................................... 5

Fed. R. Civ. P. 23(b)(3) .................................................................................................... 4

Fed. R. Civ. P. 42(a) ..................................................................................... 1, 2, 3, 5, 8

# I. INTRODUCTION AND SUMMARY OF ARGUMENT

There are four related putative class action lawsuits currently pending in this District that challenge the labeling and advertising of Defendant Naked Juice's products:

| Case Name/Number | Date Filed | Court |
|---|---|---|
| *Sandys v. Naked Juice Co.*, No. LA CV-11-08007-JAK (PLAx) | September 27, 2011 | Judge Kronstadt |
| *Pappas v. Naked Juice Co. of Glendora, Inc.*, No. LA CV-11-08276 JAK (PLAx) | October 5, 2011 | Judge Kronstadt |
| *Marchewka v. Naked Juice Co. of Glendora, Inc.*, No. SA CV-11-01701 JAK (PLAx) | November 7, 2011 | Judge Kronstadt |
| *Evans v. Naked Juice Co. of Glendora, Inc.*, No. LA CV-11-9412-GW (PJW) | November 10, 2011 | Judge Wu |

All of these cases challenge the labeling of certain Naked Juice products. All of the complaints assert substantially similar factual allegations, legal theories, and claims, and they name common defendants. All of the complaints also seek to certify a nationwide class of purchasers of Naked Juice products. And all of the cases are at an early stage of proceedings, so consolidation will promote fairness and judicial efficiency while avoiding unnecessary delay and cost for the parties. Absent consolidation, Defendants will be required to engage in separate motions practice in each case, as well as manage separate discovery and other pretrial deadlines. This would cause unnecessary delay, cost, and inefficiency. Counsel for the plaintiffs in *Pappas*, *Marchewka*, and *Evans* agree that formal consolidation is necessary here.

Accordingly, Defendants respectfully request that this Court consolidate this action with the other related actions (and any related actions filed in the future) pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, and that the Court order the filing of a master consolidated complaint to govern this action.

Gibson, Dunn & Crutcher LLP

## II. SUMMARY OF ALLEGED FACTS AND PROCEDURAL BACKGROUND

Plaintiff alleges that she purchased selected Naked Juice products in Texas and was misled by certain representations on the products' labels. (Compl. ¶¶ 20, 132.) She asserts twelve claims—three for alleged violations of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.* ("UCL"); an alleged violation of California's False Advertising Law, Cal. Bus. & Prof. Code § 17500 *et seq.* ("FAL"); unjust enrichment; breach of express and implied warranties; fraudulent misrepresentation; negligence and negligent misrepresentation; strict liability; assault and battery; and conspiracy (*id.* ¶¶ 171–229)—and seeks to certify a nationwide class of all purchasers of the Naked Juice products she identifies. (*Id.* ¶ 160.)

Since the filing of this action, three more related putative class actions have been filed in this District: (1) *Pappas v. Naked Juice Co. of Glendora, Inc.*, No. LA CV-11-08276 JAK (PLA) (filed Oct. 5, 2011) ("*Pappas*"); (2) *Marchewka v. Naked Juice Co. of Glendora, Inc.*, No. LA CV-11-01701 JAK (PLA) (filed Nov. 7, 2011) ("*Marchewka*"); and (3) *Evans v. Naked Juice Co. of Glendora, Inc.*, No. LA CV-11-9412-GW (PJWx) (filed Nov. 10, 2011) ("*Evans*"). As of the date of this filing, the Court has accepted transfer of *Pappas* and *Marchewka* as related cases. (*Pappas*, ECF No. 14; *Marchewka*, ECF No. 8). Defendants filed a Local Rule 83-1.3 notice of related case in *Evans* on November 17, 2011. (*Evans*, ECF No. 4).

Plaintiffs' counsel in *Pappas*, *Marchewka*, and *Evans* agree on the need for consolidation and the general form it should take—formal consolidation under Rule 42(a), the filing of a master consolidated complaint, and the appointment of lead Plaintiffs' counsel. (Chorba Decl. ¶ 6.) These Plaintiffs intend to move for consolidation in their respective related cases. (*Id.*)

## III. THE COURT SHOULD CONSOLIDATE THE FOUR RELATED CASES BECAUSE THEY INVOLVE OVERLAPPING CLASS DEFINITIONS, PRODUCTS, FACTUAL ALLEGATIONS, AND CLAIMS

Consolidation is appropriate where actions involve a common question of law or

Gibson, Dunn & Crutcher LLP

2

fact. *See generally* Fed. R. Civ. P. 42(a); *In re Adams Apple, Inc.*, 829 F.2d 1484, 1487 (9th Cir. 1987); *Funding Corp. of Am. Sec. Litig.*, 416 F. Supp. 161, 175 (C.D. Cal. 1976). *See also* MANUAL FOR COMPLEX LITIGATION § 11.631, at 121-22 (4th ed. 2004). The decision on an efficient plan for managing multiple, overlapping class action lawsuits is committed to the Court's discretion, *In re Adams Apple*, 829 F.2d at 1487, "although, typically, consolidation is favored." *Perez-Funez v. INS*, 611 F. Supp. 990, 994 (C.D. Cal. 1984). *See also Investors Research Co. v. U.S. Dist. Ct.*, 877 F.2d 777, 777 (9th Cir. 1989) ("The district court has broad discretion under [Rule 42] to consolidate cases pending in the same district.").

        Consolidation is particularly appropriate where, as here, the related cases are putative class actions. As another court in this Circuit recently explained, class actions are "'ideally suited to consolidation because their unification expedites proceedings, reduces duplication, and minimizes the expenditure of time and money by all concerned.'" *Schueneman v. Arena Pharms., Inc.*, No. 10-cv-1959-BTM(BLM), 2011 WL 3475380, at *1 (S.D. Cal. Aug. 8, 2011) (quoting *Mohanty v. BigBand Networks, Inc.*, No. C-07-5101-SBA, 2008 WL 426250, at *3 (N.D. Cal. Feb. 14, 2008)); *accord Ferguson v. Corinthian Colleges Inc.*, No. SA CV-11-0127-DOC-(AJWx), 2011 WL 1519352, at *2 (C.D. Cal. Apr. 15, 2011) (holding that "the interest of judicial and party convenience" made consolidation appropriate because the actions involved common questions of law and fact, as well as similar defendants and class definitions). *See generally Vincent v. Hughes Air West, Inc.*, 557 F.2d 759, 774 (9th Cir. 1977) (quoting with approval the Second Circuit's observation that, in complex litigation, the "benefits achieved by consolidation and the appointment of general counsel, i.e., elimination of duplication and repetition and in effect the creation of a coordinator of diffuse plaintiffs through whom motions and discovery proceedings will be channeled, will most certainly redound to the benefit of all parties").

A.  **The Related Cases Present Substantially Identical Factual Allegations And Legal Issues**

All four cases seek to represent overlapping nationwide classes of purchasers of Naked Juice products against common defendants, based on substantially similar factual allegations and using many of the same legal theories.[1] The complaints in each of the actions are substantially the same in the following respects:

<u>First</u>, the actions all attempt to certify a nationwide class of purchasers of Naked Juice products. (*Sandys* Compl. ¶ 160; *Pappas* Compl. ¶ 42; *Marchewka* Compl. ¶ 117; *Evans* Compl. ¶ 52.)

<u>Second</u>, all four actions challenge the labeling of certain Naked Juice products as "All Natural" and/or "100% Juice." (*Sandys* Compl. ¶¶ 49-56; *Pappas* Compl. ¶¶ 18-21; *Marchewka* Compl. ¶¶ 66-75; *Evans* Compl. ¶¶ 19-22.)

<u>Third</u>, all of the cases challenge the following Naked Juice products: pomegranate acai, acai machine, protein zone, protein zone double berry, protein zone mango, berry veggie, blue machine, gold machine, mango veggie, power-c machine, and probiotic tropical mango. (*Sandys* Compl. ¶¶ 49-53; *Pappas* Compl. ¶ 17; *Marchewka* Compl. ¶ 65; *Evans* Compl. ¶ 18.)

<u>Fourth</u>, the actions all challenge the use of these ingredients: ascorbic acid (Vitamin C), niacinamide (Vitamin B3), D-calcium pantothenate (Vitamin B5), beta carotine (Vitamin A), pryidoxine hydrochloride (Vitamin B6), cyanocobalamin (Vitamin B12), choline bitartarate (Vitamin B), biotin, zinc oxide, inulin,

---

[1] Plaintiff's own complaint pleads the existence of common questions of fact and law in a way that overlaps with the other actions. (*Sandys* Compl. ¶ 164.) Defendants note this overlap for purposes of consolidation, and they specifically reserve their right to oppose class certification on all available grounds, including but not limited to the absence of common questions susceptible to common answers, *see Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551, 180 L. Ed. 2d 374 (2011), and that common questions do not predominate over individualized questions, Fed. R. Civ. P. 23(b)(3).

fructooligosaccharides, and soy lecithin. (*Sandys* Compl. ¶¶ 75-112; *Pappas* Compl. ¶¶ 22-39; *Marchewka* Compl. ¶¶ 23-64; *Evans* Compl. ¶¶ 22-41.)

<u>Fifth</u>, the complaints in all four cases assert claims under California's consumer protection and false advertising laws (including the Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.*, and the False Advertising Law, Cal. Bus. & Prof. Code § 17500 *et seq.*). (*Sandys* Compl. ¶¶ 171-185; *Pappas* Compl. ¶¶ 51-72; *Marchewka* Compl. ¶¶ 135-148; *Evans* Compl. ¶¶ 80-101.) Two of the related complaints also assert alleged violations of California's Consumers Legal Remedies Act (*Marchewka* Compl. ¶¶ 126-134; *Evans* Compl. ¶¶ 161-179), and Plaintiff Sandys also has stated that she intends to amend her Complaint to assert this claim. (Chorba Decl. ¶ 7). In addition, three of the complaints assert claims for breach of express warranty (*Sandys* Compl. ¶¶ 190-194; *Pappas* Compl. ¶¶ 73-78; *Evans* Compl. ¶¶ 102-107) and "unjust enrichment" (*Sandys* Compl. ¶¶ 186-189; *Pappas* Compl. ¶¶ 79-83; *Evans* Compl. ¶¶ 108-112).

Given these substantial areas of overlap, consolidation under Rule 42(a) is plainly warranted.

**B. Consolidation Will Promote Fairness And Judicial Efficiency And Avoid Unnecessary Cost And Delay**

The purposes of consolidation are "to avoid unnecessary cost or delay," *see* Fed. R. Civ. P. 42(a)(3), and to facilitate the fair and efficient resolution of litigation by avoiding unnecessary duplication and avoiding the danger of inconsistent adjudications, *see E.E.O.C. v. HBE Corp.*, 135 F.3d 543, 551 (8th Cir. 1998). As the Court has already recognized by accepting the transfer of *Pappas* and *Marchewka* as cases related to this one, these overlapping class actions: (a) "arise from the same or a closely related transaction, happening or event"; (b) "call for determination of the same or substantially related or similar questions of law and fact"; and/or (c) "[f]or other reasons would entail substantial duplication of labor if heard by different judges." C.D. Cal. L.R. 83-1.3.1(a)-(c); *Pappas* ECF No. 14; *Marchewka* ECF No. 8.

Because consolidation furthers the same goals—the promotion of judicial efficiency and fairness while avoiding unnecessary cost and delay—as the related-case procedures adopted in this and other Districts, consolidation is appropriate for these related cases. *See, e.g.*, *Intuitive Surgical, Inc. v. Cal. Institute of Tech.*, No. C07-0063-CW, 2007 WL 1150787, at *3 (N.D. Cal. 2007) ("If the Texas case is transferred to this district, the parties shall file a notice of related cases and this Court will relate and consolidate the cases and apply the scheduling order to the consolidated case."). Consolidation is also appropriate for any future-filed cases, which the Court may order now. *See, e.g.*, *Leone v. Moore*, No. C-07-4073-PJH, 2007 WL 2972639, at *1 (N.D. Cal. 2007) (ordering that "[a]ny other related actions now pending or subsequently filed in, or transferred to, this District shall be consolidated into this action for all purposes.").

Moreover, even when class actions are merely related—rather than, as here, both related and substantially overlapping—"[c]onsolidation facilitates discovery, conserves judicial resources, and reduces the confusion and delay that result from prosecuting related class action cases separately." *Mohanty*, 2008 WL 426250, at *3. This is because consolidation avoids duplication—such as the need to contact parties and witnesses for multiple proceedings (such as hearings or depositions)—and simplifies pretrial and discovery motions, class certification issues, and clerical and administrative management duties, which "save[s] time, effort, and duplication." *Hawecker v. Sorensen*, No. 1:10-cv-00085-OWW-JLT, 2011 WL 1560809, at *2 (E.D. Cal. Apr. 22, 2011); *see Mohanty*, 2008 WL 426250, at *3 ("[U]nification expedites proceedings, reduces duplication, and minimizes the expenditure of time and money by all concerned.").

When cases, as here, substantially overlap, the need for consolidation to avoid the risk of inconsistent adjudications is particularly high. If all four of the related cases are dealt with separately, there is the risk that they could result in different outcomes despite the fact that many (and likely most) putative class members belong to all four

Gibson, Dunn & Crutcher LLP

6

of the defined putative classes.  This danger of inconsistent adjudications would be avoided by consolidation.  *See, e.g.*, *HBE Corp.*, 135 F.3d at 551 (approving of consolidation that "avoid[ed] the inefficiency of separate trials involving related parties, witnesses, and evidence" and reduced possibility of inconsistent adjudications by submitting relating claims to the same jury).

Finally, none of the factors that courts consider to militate against granting consolidation is present here.  *See Heune v. United States*, 743 F.2d 703, 704 (9th Cir. 1984) ("The district court, in exercising its broad discretion to order consolidation of actions presenting a common issue of law or fact under Rule 42(a), weighs the saving of time and effort consolidation would produce against any inconvenience, delay, or expense that it would cause.").  There is no risk that consolidation could cause prejudice by delaying trial, because all four complaints have been filed within the past two months and the cases are at the same procedural stage and Defendants have not yet responded to any of the complaints.  *See Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 762 (5th Cir. 1989).  There is no risk that consolidation could cause prejudice by creating confusion, because Plaintiffs' complaints present substantially the same factual allegations under many of the same legal theories.  *See Cantrell v. GAF Corp.*, 999 F.2d 1007, 1011 (6th Cir. 1993); *Malcolm v. National Gypsum Co.*, 995 F.2d 346, 350 (2d Cir. 1993).  And the burden on the parties, witnesses, and the Court will be lessened—and certainly not increased—if consolidation is granted.  *See Johnson v. Celotex Corp.*, 899 F.2d 1281, 1285 (2d Cir. 1990).

### IV. THE COURT SHOULD ALSO ORDER THE FILING OF A MASTER CONSOLIDATED COMPLAINT

In addition to consolidating the four overlapping class actions here, the Court should order the filing of a master consolidated complaint.  Rule 42(a) provides courts with the power to order consolidation of pleadings where it "may tend to avoid unnecessary costs or delay." Fed R. Civ. P. 42(a)(3).  *See, e.g.*, *Sparano v. Lief*, No. 10-cv-2079-BTM(BLM), 2011 WL 830109, at *3-4 (S.D. Cal. Mar. 3, 2011)

(consolidating cases and ordering plaintiffs to file a consolidated complaint); *Seidel v. United States*, No. 5:09-cv-04875-JF, 2011 WL 1120023, at *2, 4 (N.D. Cal. Mar. 28, 2011) (same). *See also* MANUAL FOR COMPLEX LITIGATION § 21.25, at 276 (noting power of court to "order[] or allow[] the filing of a consolidated complaint" so that there is a "single pleading, in a single action, [that] can then serve as the vehicle for defining the proposed class and deciding class certification").

A single master complaint would allow Defendants to present their Rule 12 challenges, and Plaintiffs to present their responses, at a single time. Absent consolidation and a master complaint, this will occur in four separate cases resulting in multiple motions, oppositions, replies, and (potentially) hearings. In addition, as Plaintiff Sandys has said that she is "certain" to amend her complaint (ECF No. 16-1, Chorba Decl. ¶ 7), she should do so in the context of a master consolidated complaint rather than force what may be multiple rounds of briefing in each case. A single consolidated complaint (should it survive dismissal) will also facilitate unified presentation of arguments at the class certification and summary judgment stages, which will be more efficient for the parties and the Court than the serial presentation of arguments in separate cases.[2]

### V. CONCLUSION

The four related actions pending in this District present several common questions of fact and law. Consolidation of all of these actions (and any future-filed related actions) would substantially conserve the Court's and the parties' resources. For these and all of the foregoing reasons, Defendants respectfully request that, pursuant to Rule 42(a), this Court: (1) consolidate this case for all purposes with

---

[2] The burdens of discovery will also be lessened through consolidated pleadings, which would serve as a reference point. Even clerical and administrative tasks, such as scheduling hearings and filing documents, will be less burdensome to counsel and the Court if a consolidated complaint is filed.

Gibson, Dunn & Crutcher LLP

*Pappas*, *Marchewka*, and *Evans*; and (2) order the filing of a master consolidated complaint to govern this action.[3]

Finally, although Defendants express no opinion at this point on the appointment of lead counsel, they have no objection to providing counsel for all plaintiffs with an opportunity to present their recommendations to the Court on this issue. Defendants respectfully submit that this process should be concluded before the filing of a consolidated master complaint.

Dated:  November 21, 2011  			GIBSON, DUNN & CRUTCHER LLP


By:      /s/ Christopher Chorba
           Christopher Chorba

Attorneys for Defendants Naked Juice Co. of Glendora, Inc. and PepsiCo, Inc.

101188987.5

---

[3] To the extent it does not occur before the hearing on this matter, Defendants also request that the transfer of the *Evans* action, as well as any subsequently filed actions that are related pursuant to Local Rule 83-1.3, to this Court.