GIBSON, DUNN & CRUTCHER LLP
Daniel W. Nelson (*Pro Hac Vice* app. forthcoming)
DNelson@gibsondunn.com
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
Telephone: 202-955-8500
Fax: 202-530-4238

Christopher Chorba (SBN 216692)
CChorba@gibsondunn.com
Dhananjay S. Manthripragada (SBN 254433)
DManthripragada@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213-229-7000
Fax: 213-229-7520

Attorneys for Defendants Naked Juice Co. of Glendora, Inc. and PepsiCo, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| SARA SANDYS,<br><br>       Plaintiff,<br><br>    v.<br><br>NAKED JUICE COMPANY [sic], a California corporation; PEPSICO INC., a New York corporation; and DOES 1-10,<br><br>       Defendants. | Case No. LA CV11-08007-JAK (PLAx)<br><br>**DECLARATION OF CHRISTOPHER CHORBA IN SUPPORT OF DEFENDANTS' MOTION TO CONSOLIDATE RELATED CLASS ACTIONS**<br><br>Hearing<br>Date:    December 19, 2011<br>Time:    8:30 a.m.<br>Place:    Courtroom 750, 7th Floor<br><br>Action filed: September 27, 2011 |

I, Christopher Chorba, declare as follows:

1. I am an attorney admitted to practice law before all courts of the State of California and the United States District Court for the Central District of California. I am a partner in the law firm of Gibson, Dunn & Crutcher LLP, counsel of record for defendants Naked Juice Co. of Glendora, Inc. and PepsiCo, Inc. ("Defendants") in this action (*Sandys v. Naked Juice Co., et al.*, No. LA CV11-08007-JAK (PLAx) ("*Sandys*")). I submit this declaration in support of Defendants' Motion to Consolidate Related Class Actions ("Motion"). I have personal knowledge of these matters and could competently testify to the truth of all of the statements contained herein.

2. I wrote to counsel for Sandys and counsel for plaintiff in *Pappas v. Naked Juice Co. of Glendora, Inc., et al.*, No. LA CV-11-08276 JAK (PLAx) ("*Pappas*"), on November 9 to notify them of the filing of *Marchewka v. Naked Juice Co. of Glendora, Inc.*, No. SA CV-11-01701 DOC (RNPx) ("*Marchewka*"), and to explain that as a result of this new filing, Defendants intended to seek consolidation of these actions (along with any future-filed actions).

3. In response to my message, counsel for Plaintiff Sandys asked me to clarify what type of consolidation Defendants would seek. I responded that given the substantial overlap in claims and proposed class definitions, Defendants believe that judicial economy will be best served by having a single, consolidated process for motions practice and discovery that applies to all of the cases—including a single consolidated (or joint) complaint.

4. The parties subsequently invited counsel for Plaintiff in *Marchewka* and in the latest-filed related action, *Evans v. Naked Juice Co. of Glendora, Inc., et al.*, No. LA CV-11-9412-GW (PJWx) ("*Evans*"), to join a November 11 conference call so counsel for all of the parties in all of the Naked Juice class actions pending in this District (*Sandys*, *Pappas*, *Marchewka*, and *Evans*) were able to confer at that time. During this call, my colleague Daniel W. Nelson and I explained that Defendants intended to seek formal consolidation given the substantial overlap in the claims,

issues, and proposed classes in all of the complaints.  Plaintiffs' counsel indicated that they intended to confer among themselves during the week of November 14 to see if they could reach an agreement on consolidation and/or a coordinated plan for case management.

5. On November 13, 2011, Ms. Golan informed me that Plaintiff Sandys would not agree to consolidation.

6. Over the last several days, I have spoken with counsel for the plaintiffs in the *Pappas*, *Marchewka*, and *Evans* actions in an attempt to come to an agreement on the issues of consolidation and efficient management of these related cases.  Counsel for these plaintiffs explained that they intend to seek formal consolidation, the filing of a master consolidated complaint, and the appointment of lead counsel.

7. During several telephonic discussions, Plaintiff's counsel informed me that she was "certain" that she would amend Ms. Sandys' Complaint.  Among the amendments that she planned was to add a claim under the California Consumers Legal Remedies Act.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on November 21, 2011, at Los Angeles, California.

                                                  /s/ Christopher Chorba
                                                  Christopher Chorba

101189437.2

Gibson, Dunn &
Crutcher LLP