BERG & ANDROPHY
DAVID BERG (*pro hac vice* to be filed)
CHRIS GADOURY (*pro hac vice* to be filed)
3704 Travis St.
Houston, TX 77002
Telephone: (713) 529-5622
dberg@bafirm.com
cgadoury@bafirm.com

THE GOLAN LAW FIRM
YVETTE GOLAN (*by pro hac vice*)
1919 Decatur St.
Houston, TX 77007
Telephone: (866) 298-4150 ext. 101
ygolan@tgfirm.com

FLASHPOINT LAW, INC.
SHIRISH GUPTA (SBN 205584)
1900 S. Norfolk Street, Suite 350
San Mateo, CA 94403
Telephone: (650) 539-4019
sgupta@flashpointlaw.com

Attorneys for Plaintiff Sara Sandys

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARA SANDYS and all others similarly situated,<br><br>　　　　　　　　　Plaintiff,<br><br>　v.<br><br>NAKED JUICE COMPANY, a California corporation; PEPSICO INC., a New York corporation; and DOES 1-100,<br>　　　　　　　　　Defendants. | Case No. LA CV11-08007-JAK (PLAx)<br><br>**DECLARATION OF YVETTE GOLAN IN SUPPORT OF PLAINTIFF'S MOTION FOR ORDER APPOINTING INTERIM LEAD CLASS COUNSEL AND SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES**<br><br><u>Hearing</u><br>Date:　December 19, 2011<br>Time:　1:30 p.m.<br>Place:　Courtroom 750, 7th Floor<br><br>Action Filed: September 27, 2011 |

DECLARATION OF YVETTE GOLAN

**DECLARATION OF YVETTE GOLAN**

I, Yvette Golan, declare as follows:

1. I am the founding partner of The Golan Firm, counsel for the plaintiff, along with David Berg of Berg & Androphy (collectively the "B&A Group"), in *Sandys v. Naked Juice Co., et al.*, Case No. LA CV11-08007-JAK, filed on September 27, 2011 in the United States District Court for the Central District of California. The following statements are based on my personal knowledge and the records of the B&A Group. If called to testify as a witness, I could and would competently testify thereto.

2. I graduated Cornell Law School *magna cum laude* in 2002, whereupon I clerked for Judge J. Clifford Wallace of the Ninth Circuit Court of Appeals, in San Diego, CA. I continued my litigation career at the Chicago office of Kirkland & Ellis LLP, where I defended major corporations in complex class actions, including multiple state-wide and national class actions against General Motors for alleged engine, coolant, and cooling system defects, W.R. Grace in asbestos class actions, and other Fortune 100 companies. In my time at Kirkland & Ellis, I took responsibility for discovering and presenting much of the mechanical and engineering data and evidence necessary in such litigation. I then relocated to Texas, where I continued my legal work but focused my time in the business arena, particularly in the consumer products industry, and developed experience and knowledge in sourcing, distribution, and retailer networks.

3. In 2011, I returned full-time to the practice of law, forming the Golan Firm to focus on food-related class action litigation.

4. I conducted and led the original investigation that first identified the factual and legal claims forming the basis of this action. I drafted the complaint based on my own factual and legal investigation. Much of the evidence I uncovered is not included as allegations to the

1
DECLARATION OF YVETTE GOLAN

complaint except as needed to meet the pleading standards and requirements.

5. I wrote the *Sandys* complaint, a detailed and comprehensive complaint that reflects the care and commitment Sandys' counsel devoted, and will continue to devote, to this litigation. In particular, the *Sandys* complaint presents the most complete factual investigation and seeks the most complete remedy. I was also the first to file suit, and the *Sandys* action was the first to publicly uncover the Defendants' wrongs.

6. The investigation and complaint-drafting process required significant outlay of time, effort, and expense.

7. I did not have the benefit of any non-profit group's prior investigation, any prior regulatory investigation or complaint, any previously filed legal complaint, or any of the other common crutches that many other class action attorneys use.

8. Before filing the action in *Sandys*, I diligently searched to see if there were already pending any class action lawsuits, individual lawsuits, government investigations, or other investigations or claims related to the claims made in the complaint. I found no such pending proceeding, case, or investigation.

9. Upon information and belief, my investigation was the first to identify the potential claims in the action, including a methodical and time-intensive investigation of the ingredients Defendants used in their beverages, the sources of those ingredients, food ingredient production methods, Naked Juice and PepsiCo's knowledge thereof, differences in molecular structures of various ingredient formulations, and the health and environmental effects thereof.

10. I spoke to experts in the food and beverage industry, medical industry, and consumer product industry. I obtained data from ingredient suppliers, food manufacturers, industry groups, and trade association events. I consulted learned treatises, federal and trade databases, international databases and sources, research texts, and experimental data.

2
DECLARATION OF YVETTE GOLAN

11. I investigated and analyzed the claims made by the Defendants on Naked Juice packaging and the non-juice and non-"all natural" ingredients contained in Naked Juice products.

12. I analyzed the non-juice and non-"all natural" ingredients by conducting research using scientific texts, government documents from the Food and Drug Administration and the Department of Agriculture, food-related public interest groups, and publicly available information from the Defendants.

13. I conducted a thorough legal analysis regarding the applicability and viability of each substantive cause of action asserted and each required element of class certification. I also conducted extensive research regarding federal food-related regulations, FDA policy, and common law precedent on food-labeling issues.

14. I also conducted the investigation and wrote the complaint in *Bates v. Kashi et al.*, a class action that challenges food labeling fraud similar to the case here. In *Bates*, the B&A Group has begun discovery.

15. No attorney or representative in the Pappas Group attempted to contact me before filing their respective lawsuit. I did not know that these suits were filed until after the fact.

16. Along with Berg & Androphy, including the work of David Berg and Chris Gadoury, we continue to conduct the factual investigation necessary in this litigation. The B&A Group has consulted with experts, compared Defendants' products with competing products, arranged independent testing of Defendants' products, analyzed food testing methodologies, and is seeking experts in the fields of food production, food additives, consumer behaviors, branding, economic damages, and other areas. The B&A Group also continues to further investigate and develop the legal claims asserted in *Sandys*.

17. The B&A Group has and will continue to commit all necessary resources required to zealously prosecute this action and adequately represent the class – including the needed and

3
DECLARATION OF YVETTE GOLAN

significant financial investment and the substantial time of its attorneys, giving each stage of litigation the care and attention it requires. B&A's enormous success in obtaining hundreds of millions of dollars in verdicts and settlements not only provides B&A with the financial resources to prosecute actions of this nature, but it also enables B&A to be extremely selective in what cases it accepts to handle. For every case in which the Firm chooses to accept representation, B&A likely turns down a dozen – and never churns through cases in an assembly-line fashion or submits motions that are boilerplate. B&A's high degree of selectivity enables it to consistently provide the highest degree of legal representation and professional service to its clients.

18. Further, the B&A Group has made a substantial financial commitment to the zealous prosecution of this action. No other attorney requesting lead status has made a similar commitment, despite Mr. Berg's request and inquiry on a November 11, 2011 conference call between the Pappas Group, me, and Mr. Berg. After a few minutes discussing the matter, an attorney with the Pappas Group interrupted our inquiry and would not allow us to resume.

19. At this phone conference, earlier phone conferences, and multiple e-mail exchanges, I asked the members of the Pappas Group what they contributed to the lawsuit that was not already included in the *Sandys* complaint. None offered to make or stated that they had made any such contribution.

I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct.

Executed this 28th day of November 2011 in Houston, TX.

                               /s/ Yvette Golan
                               Yvette Golan

4
DECLARATION OF YVETTE GOLAN