GIBSON, DUNN & CRUTCHER LLP
Daniel W. Nelson (*Pro Hac Vice* app. pending)
DNelson@gibsondunn.com
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
Telephone: 202-955-8500
Fax: 202-530-4238

Christopher Chorba (SBN 216692)
CChorba@gibsondunn.com
Dhananjay S. Manthripragada (SBN 254433)
DManthripragada@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213-229-7000
Fax: 213-229-7520

Attorneys for Defendants Naked Juice Co. of Glendora, Inc. and PepsiCo, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| SARA SANDYS,<br><br>    Plaintiff,<br><br>    v.<br><br>NAKED JUICE COMPANY [sic], a California corporation; PEPSICO INC., a New York corporation; and DOES 1-10,<br><br>    Defendants. | Case No. LA CV11-08007-JAK (PLAx)<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR AN ORDER APPOINTING INTERIM LEAD CLASS COUNSEL**<br><br>Hearing<br>Date:    February 6, 2012<br>Time:    8:30 a.m.<br>Place:   Courtroom 750, 7th Floor<br><br>Action Filed: September 27, 2011 |

As an initial matter, Defendants object to Plaintiff's Motion for failure to comply with Local Rule 7-3.  Although Plaintiff apparently conferred with the plaintiffs' counsel in the other related actions, she has not met and conferred with Defendants as required by this Rule.  This Court also noted that Plaintiff's Motion was not timely filed pursuant to Local Rule 6-1.  (*See* ECF No. 24.)

Aside from their concerns regarding Plaintiff's failure to comply with this Court's Local Rules, Defendants generally express no view as to which lawyer and firm should serve as interim class counsel, because this is a matter for the clients and the Court to decide.  However, Defendants respectfully request that this Court adopt a structure that ensures coordinated and efficient prosecution of these overlapping class actions through consolidated discovery and motions practice.[1]

Accordingly, if the Court grants the motion to adopt Plaintiff's proposed leadership structure, or the competing motion filed by counsel in the other related cases, it should order counsel to adopt measures to ensure the efficient prosecution of this action.

Dated:  January 13, 2012                    GIBSON, DUNN & CRUTCHER LLP

By: _____/s/_____
Christopher Chorba

Attorneys for Defendants Naked Juice Co. of Glendora, Inc. and PepsiCo, Inc.

---

[1] Defendants also reserve their right to object to any future request for attorneys' fees.  Where, as here, numerous attorneys and law firms are determined to secure a lead role in the litigation, the Court is tasked with developing an efficient structure.  Fed. R. Civ. P. 23(g).  A primary purpose of appointing interim class counsel is to maximize efficiencies and to eliminate duplication of efforts and "unproductive posturing" by the various plaintiffs' lawyers and firms.  *See* 5 James Wm. Moore et al., *Moore's Federal Practice* ¶ 23.121 (3d ed. 2010).  Any proposed structure should reduce the risk "of overstaffing or an ungainly counsel structure."  Fed. R. Civ. P. 23(g) advisory committee's note.  *See, e.g., Bernard v. Cont'l Ill. Corp.*, 572 F. Supp. 931, 933 (N.D. Ill. 1983) ("Generally, attorneys should work independently, without the incessant 'conferring' that so often forms a major part of the fee petition in all but the tiniest cases."); *In re Fine Paper Antitrust Litig.*, 98 F.R.D. 48, 75 (E.D. Pa. 1983) (It is "inevitable that this type of [multi-firm committee] structure [will] generate wasted hours on useless tasks, propagate duplication and mask outright padding.").