GIBSON, DUNN & CRUTCHER LLP
Daniel W. Nelson (*Pro Hac Vice* app. forthcoming)
DNelson@gibsondunn.com
Andrew S. Tulumello (SBN 196484)
ATulumello@gibsondunn.com
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
Telephone: 202-955-8500
Fax: 202-530-4238

Christopher Chorba (SBN 216692)
CChorba@gibsondunn.com
Dhananjay S. Manthripragada (SBN 254433)
DManthripragada@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213-229-7000
Fax: 213-229-7520

Attorneys for Defendants Naked Juice Co. of
Glendora, Inc. and PepsiCo, Inc.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| SARA SANDYS,<br><br>           Plaintiff,<br><br>      v.<br><br>NAKED JUICE COMPANY [sic], a California corporation; PEPSICO INC., a New York corporation; and DOES 1-10,<br><br>           Defendants. | Case No. LA CV11-08007-JAK (PLAx)<br><br>**DEFENDANTS' REPLY IN SUPPORT OF ITS MOTION TO CONSOLIDATE RELATED CLASS ACTIONS**<br><br><u>Hearing</u><br>Date:      February 6, 2012<br>Time:      8:30 a.m.<br>Place:     Courtroom 750, 7th Floor<br><br>Action filed: September 27, 2011 |

Gibson, Dunn &
Crutcher LLP

1

## TABLE OF CONTENTS

2

Page

3  I.  INTRODUCTION AND SUMMARY OF ARGUMENT ..................................1

4  II.  THE COURT SHOULD CONSOLIDATE THE RELATED CLASS
ACTIONS AGAINST DEFENDANTS................................................................2

5

6  III.  THE COURT SHOULD EXERCISE ITS DISCRETION TO ORDER
THE FILING OF A MASTER CONSOLIDATED COMPLAINT ....................8

7  IV.  CONCLUSION ...................................................................................................9

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Gibson, Dunn &
Crutcher LLP

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Adams v. Cal. Dep't of Health Servs.*,
  487 F.3d 684 (9th Cir. 2007)....................................................................6

*AEP Energy Servs. Gas Holding Co. v. Bank of Am., N.A.*,
  626 F.3d 699 (2d Cir. 2010)....................................................................6

*Andrade v. Am. Apparel, Inc.*,
  No. 10-06352 , 2011 U.S. Dist. LEXIS 79795 (C.D. Cal. Mar. 15, 2011)..................4

*Bates v. Kashi Co.*, No. 11-1967, ECF No. 16 (S.D. Cal. Nov. 28, 2011)............2, 4, 6

*Bradley v. Milliken*,
  828 F.2d 1186 (6th Cir. 1987).................................................................5

*Cantrell v. GAF Corp.*,
  999 F.2d 1007 (6th Cir. 1993)...............................................................4, 7

*Cardoza v. T-Mobile USA Inc.*,
  No. 08-5120, 2009 WL 723843 (N.D. Cal. Mar. 18, 2009) ................................4

*Catanese v. Unilever*,
  774 F. Supp. 2d 684 (D.N.J. 2011) ..........................................................6

*Cho v. UCBH Holdings, Inc.*,
  No. 09-4208, 2011 WL 3809903 (N.D. Cal. May 17, 2011)..............................4

*Crosley Corp. v. Hazeltine Corp.*,
  122 F.2d 925 (3d Cir. 1941)....................................................................6

*Fuller v. Abercrombie & Fitch Stores, Inc.*,
  370 F. Supp. 2d 686 (E.D. Tenn. 2005) .....................................................6

*Hawaii-Pacific Venture Capital Corp. v. Rothbard*,
  564 F.2d 1343 (9th Cir. 1977)...............................................................5, 8

*Henderson v. JPMorgan Chase Bank*,
  No. 11-3428, 2011 WL 4056004 (C.D. Cal. Sept. 13, 2011) ............................6

*In re Adams Apple, Inc.*,
  829 F.2d 1484 (9th Cir. 1987)................................................................2

*In re Equity Funding Corp. of Am. Sec. Litig.*,
  416 F. Supp. 161 (C.D. Cal. 1976) .........................................................8, 9

*In re Wirebound Boxes Antitrust Litig.*,
  128 F.R.D. 262 (D. Minn. 1989).............................................................9

*Katz v. Realty Equities Corp. of New York*,
  521 F.2d 1354 (2d Cir. 1975)................................................................9

*Leone v. Moore,*
   No. 07-4073, 2007 WL 2972639 (N.D. Cal. Oct. 10, 2007) .....................................8

*Lovell v. United Airlines, Inc.,*
   728 F. Supp. 2d 1096 (D. Haw. 2010) ...........................................6

*Medlock v. Taco Bell Corp.,*
   No. 07-1314, 2009 WL1444343 (E.D. Cal. May 19, 2009) .........................4

*Mills v. Beech Aircraft Corp.,*
   886 F.2d 758 (5th Cir. 1989)...........................................7

*Mohanty v. BigBand Networks, Inc.,*
   No. 07-5101, 2008 WL 426250 (N.D. Cal. Feb. 14, 2008) .........................3

*Morgan v. McDonough,*
   726 F.2d 11 (1st Cir. 1984) ...........................................5

*Olin Corp. v. Cont'l Cas. Co.,*
   No. 10-0623, 2011 WL 1337407 (D. Nev. Apr. 6, 2011)...........................6

*Olsen v. New York Cmty. Bancorp,*
   233 F.R.D. 101 (E.D.N.Y. 2005) ...........................................3

*Pacesetter Sys., Inc. v. Medtronic, Inc.,*
   678 F.2d 93 (9th Cir. 1982)...........................................5, 6

*Pan Am. World Airways, Inc. v. U.S. Dist. Ct. for the Cent. Dist. of Cal.,*
   523 F.2d 1073 (9th Cir. 1975)...........................................8

*Peak v. Green Tree Fin. Servicing Corp.,*
   No. 00-0953, 2000 WL 973685 (N.D. Cal. July 7, 2000) .........................6

*Richardson v. TVIA, Inc.,*
   No. 06-06304, 2007 WL 1129344 (N.D. Cal. Apr. 16, 2007).........................4

*Seidel v. United States,*
   No. 09-04875, 2011 WL 1120023 (N.D. Cal. Mar. 28, 2011) .........................9

*Sparano v. Lief,*
   No. 10-2079, 2011 WL 830109 (S.D. Cal. Mar. 3, 2011) .........................9

*Telephonics Corp. v. Lindly & Co.,*
   291 F.2d 445 (2d. Cir. 1961) ...........................................6

*U.S. v. Alpine Land & Reservoir Co.,*
   174 F.3d 1007 (9th Cir. 1999) ...........................................6

*Wade v. Goldschmidt,*
   673 F.2d 182 (7th Cir. 1982)...........................................5

*Wallace B. Roderick Revocable Living Trust v. XTO Energy, Inc.,*
   679 F. Supp. 2d 1287 (D. Kan. 2010) ...........................................6

*Ward v. Follett Corp.,*
   158 F.R.D. 645 (N.D. Cal. 1994) ...........................................6

Gibson, Dunn &
Crutcher LLP

*Weinstein v. Metlife, Inc.*,
No. 06-444, 2006 WL 3201045 (N.D. Cal. Nov. 6, 2006) .....................................5, 6

*Yousefi v. Lockheed Martin Corp.*,
70 F. Supp. 2d 1061 (C.D. Cal. 1999) ...................................................................4

**Statutes**

15 U.S.C. § 78u-4 ............................................................................................................4

Cal. Bus. & Prof. Code § 17200 *et seq.*...................................................................2

**Other Authorities**

Manual for Complex Litigation (4th ed. 2004)..............................................2

**Rules**

C.D. Cal. L.R. 83-1.3.2 .................................................................................................7

Fed. R. Civ. P. 23 .........................................................................................................4

Fed. R. Civ. P. 24 ......................................................................................................4, 5

Fed. R. Civ. P. 42 ...............................................................................................1, 2, 3, 8

Gibson, Dunn &
Crutcher LLP

1

# I.  INTRODUCTION AND SUMMARY OF ARGUMENT

2      All five of the pending complaints against Defendants Naked Juice Co. of

3 Glendora, Inc. and PepsiCo, Inc. contain overlapping class definitions, assert

4 substantially similar legal claims, seek to certify the same putative nationwide classes,

5 and challenge essentially the same group of Naked Juice products and ingredients.

6 This is a classic situation in which consolidation is appropriate.  Absent consolidation,

7 Defendants will be required to engage in separate motions practice in each case, as

8 well as conduct separate discovery.  Counsel for the plaintiffs in the *Pappas*,

9 *Marchewka*, and *Evans* actions agree that formal consolidation is necessary here, and

10 they have moved for similar relief in their cases.[1]

11      The only party who opposes consolidation is Plaintiff Sandys.  While she agrees

12 that judicial intervention is needed to avoid what she describes as the "circus" that

13 would result if all five cases proceeded independently (Opp. at 1:19), her proposed

14 alternative solution of dismissal lacks legal support.  In language that Plaintiff

15 selectively ignores, Rule 42(a)(2) specifically contemplates "consolidation" of actions

16 that "involve a common question of law or fact."  Fed. R. Civ. P. 42(a).  Plaintiff

17 acknowledges the factual basis for consolidation by conceding that the other suits

18 bring "the same claims against the same Defendants, seeking to represent the same

19 class of consumers."  (Opp. at 1:9-10.)  Contrary to her fears, consolidation will likely

20 remove the incentives for duplicative lawsuits, and Defendants' Proposed Order (ECF

21 No. 20-2) offers an accepted method to manage any future actions by relating those

22 cases per this Court's Local Rules and then consolidating them with the pending suit.

23      In sum, consolidating these related actions and ordering the plaintiffs to file a

24 master consolidated complaint would yield many efficiencies and expedite the

25 resolution of these claims.

26

27  [1]  Since the filing of Defendants' Motion to Consolidate, another lawsuit was filed
against Defendants and transferred to this Court.  *See Park v. Naked Juice Co. of
Glendora, Inc.*, No. LA CV 11-09677-JAK-PLA (filed Nov. 21, 2011).

28

Gibson, Dunn &
Crutcher LLP

1

## II.  THE COURT SHOULD CONSOLIDATE THE RELATED CLASS ACTIONS AGAINST DEFENDANTS

Rule 42(a) of the Federal Rules of Civil Procedure is titled "Consolidation," and reads, in full:  "If actions before the court involve a common question of law or fact, the court may:  (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay."  Fed. R. Civ. P. 42(a).

Courts within this Circuit and across the country prefer consolidation of putative class actions that present overlapping class definitions and claims and that involve the same defendant.  *See*, *e.g.*, *In re Adams Apple, Inc.*, 829 F.2d 1484, 1487 (9th Cir. 1987); MANUAL FOR COMPLEX LITIGATION § 11.631, at 121-22 (4th ed. 2004).  The Motion cited several examples demonstrating the strong support for consolidation in these circumstances (Mot. at 3, 5-7), and on the same day that Plaintiff filed her Opposition, another district court rejected the same arguments that Plaintiff's counsel presents here, and consolidated five related class actions.  *See Bates v. Kashi Co.*, No. 11-1967, ECF No. 16 (S.D. Cal. Nov. 28, 2011) (consolidating putative class actions challenging food labeling and rejecting plaintiff's proposal of staying or dismissing other related cases) (attached as Ex. 1).

Plaintiff offers no reason for reaching a different result in these cases.  She concedes that the cases Defendants seek to consolidate "represent the same class of consumers against the same Defendants, bringing the same claims based on the same allegations included in *Sandys*."  (Opp. at 4.)  In particular, all five cases:  (a) attempt to certify a nationwide class of purchasers of Naked Juice products; (b) contest the "All Natural" and/or "100% Juice" labeling of certain Naked Juice products (including ten of the same products and nine of the same ingredients); and (c) assert claims under California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq*.  (Mot. at 4-5; *see also Park* Compl. ¶¶ 1, 14, 26-29, 39-45.)

While there are some variances among the products, ingredients, and claims

included in each of the complaints,[2] and undoubtedly there are material differences among the named plaintiffs that will be very relevant to class certification, for purposes of consolidation there are "common question of law or fact."  Fed. R. Civ. P. 42(a)(2); *see Olsen v. New York Cmty. Bancorp*, 233 F.R.D. 101 (E.D.N.Y. 2005) (consolidating class actions and noting that "minor differences" cannot "detract[] from the overwhelming factual and legal similarities among the cases").[3]  Plaintiff also admits that absent action from this Court, "unnecessary delay, cost, and inefficiency" will result.  (Opp. at 6.)  Rule 42 has an answer for such situations: consolidation.  It avoids the inefficiency that would result from five separate yet similar proceedings for pretrial motions, class certification, and discovery.  *See Mohanty v. BigBand Networks, Inc.*, No. 07-5101, 2008 WL 426250, at *3 (N.D. Cal. Feb. 14, 2008) ("[U]nification expedites proceedings, reduces duplication, and minimizes the expenditure of time and money by all concerned.").  Even at this early stage of the litigation, there have been inefficiencies resulting from having the cases proceed separately; Defendants have received draft discovery requests from Plaintiffs in *Sandys* and *Pappas*, and they conducted separate Rule 26(f) conferences with counsel in these cases.  These inefficiencies will only multiply if there is continued separate litigation.

Having conceded the factual basis for consolidation, Plaintiff offers several legal contentions in opposition.  But none of her legal arguments provides a basis for refusing consolidation.  *First*, Plaintiff suggests that "no statute, no rule, and no case permit the consolidation" of putative class actions.  (Opp. at 2, 6-8.)  But as noted above, Rule 42(a) is titled "Consolidation" and specifically contemplates the relief

---

[2]  Plaintiff claims that other cases are "entirely subsumed within Sandys" (Opp. at 4), but three of the other related cases bring a claim under California's Consumers Legal Remedies Act, while Sandys does not.  (*Marchewka* Compl. ¶¶ 126-134; *Evans* Compl. ¶¶ 161-179; *Park* Compl. ¶¶ 46-56.)

[3]  The determination of "common question[s] of law and fact" under Rule 42 and the commonality required for class certification under Rule 23 are distinct questions.  *See, e.g., Olsen*, 133 F.R.D. at 105, 108 (applying Rule 42 and Rule 23 analyses separately).

Gibson, Dunn &
Crutcher LLP

1   sought in the Motion.  This is the more common approach to dealing with duplicative

2   litigation filed in the same District.  Several courts have applied Rule 42(a) to

3   consolidate putative class actions, including in a case involving Plaintiff's counsel

4   shortly after Defendants filed their Motion.  *See, e.g.*, *Bates v. Kashi Co.*, No. 11-1967,

5   ECF No. 16 (S.D. Cal. Nov. 28, 2011); *Medlock v. Taco Bell Corp.*, No. 07-1314,

6   2009 WL 1444343, at *6 (E.D. Cal. May 19, 2009) (consolidating putative class

7   actions); *Cardoza v. T-Mobile USA Inc.*, No. 08-5120, 2009 WL 723843, at *6 (N.D.

8   Cal. Mar. 18, 2009) (transferring putative class action to another district where similar

9   putative class action was pending in order to facilitate consolidation).  Plaintiff asserts

10  that this Court cannot order consolidation over her objection (Opp. at 13-14), but

11  Rule 42(a) does not provide any "veto" rights.  *See Cantrell v. GAF Corp.*, 999 F.2d

12  1007, 1011 (6th Cir. 1993) (noting that "protestations of the parties" are no barrier to

13  consolidation).[4]

14       *Second*, Plaintiff cites Rule 23 (Class Actions) and Rule 24 (Intervention) of the

15  Federal Rules of Civil Procedure as preferred alternatives to consolidation, and she

16  complains that plaintiffs in the four other pending suits should have used the

17  procedures in these Rules to "intervene [or] opt out of the class."  (Opp. at 8.)  But this

18  reliance on Rule 23 is premature, as no class has been certified and there has been no

19  opportunity for any of the plaintiffs to argue that they would be adequate class

20

21  _____

22  [4]  Plaintiff argues that only securities class actions may be consolidated (Opp. at 13-
    15), but the statute that she cites, 15 U.S.C. § 78u-4, deals with the selection of a
23  lead plaintiff in those actions and not consolidation.  Plaintiff also claims that *Leone
    v. Moore*, No. 07-4073, 2007 WL 2972639 (N.D. Cal. Oct. 10, 2007) (cited in Mot.
24  at 6) was consolidated under 15 U.S.C. § 78u-4 (Opp. at 15), but the first sentence
    of that opinion cites Rule 42(a) as the authority for consolidation.  *Id.* at *1.  The
25  remaining securities class actions cited in Defendants' Motion were consolidated
    pursuant to Rule 42, which applies to all civil actions.  *See Yousefi v. Lockheed
26  Martin Corp.*, 70 F. Supp. 2d 1061, 1064-65 (C.D. Cal. 1999); *Cho v. UCBH
    Holdings, Inc.*, No. 09-4208, 2011 WL 3809903, at *1 (N.D. Cal. May 17, 2011);
27  *Andrade v. Am. Apparel, Inc.*, No. 10-06352 , 2011 U.S. Dist. LEXIS 79795,
    at *10-11 (C.D. Cal. Mar. 15, 2011); *Richardson v. TVIA, Inc.*, No. 06-06304, 2007
28  WL 1129344, at *2 (N.D. Cal. Apr. 16, 2007).

Gibson, Dunn &
Crutcher LLP

4

representatives.[5]  And although Plaintiff cites Rule 24 intervention as another option, she actively *opposed* the other plaintiffs' attempts to intervene in her case (*see Sandys* ECF No. 32) and this inquiry also would involve a premature analysis of plaintiffs' adequacy.  *See, e.g.*, Fed. R. Civ. P. 24, advisory committee's note to 1966 Amendment ("[A]n applicant is entitled to intervene in an action . . . unless his interest is already adequately represented in the action by existing parties.").

*Third*, Plaintiff argues that the "first-to-file" rule supports dismissal instead of consolidation.  (Opp. at 10.)  This rule permits district courts to "decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in *another district*."  *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94-95 (9th Cir. 1982) (affirming application of first-to-file rule where actions filed in California and Florida (emphasis added)).  Some courts also have cited the potential efficiencies of applying the first-to-file rule where actions are pending before different judges within the same district.  *See, e.g.*, *Weinstein v. Metlife, Inc.*, No. 06-444, 2006 WL 3201045, at *4-5 (N.D. Cal. Nov. 6, 2006) (applying first-to-file rule where cases pending before different judges in the same district).

But while Defendants would welcome the dismissal of any (or all) of these actions, and arguably this Court has the inherent power and authority (including pursuant to Rule 42(a)(3)) to dismiss the actions, they have been unable to locate any authority—and Plaintiff has provided none—that applies the first-to-file doctrine to duplicative actions all pending before the same judge in the same district.  In fact,

---

[5]  Several of Plaintiff's citations involved *certified* class actions.  *See Bradley v. Milliken*, 828 F.2d 1186, 1194 (6th Cir. 1987) (affirming the denial of a motion to intervene in the *advanced remedial* phase in a certified class action involving school desegregation); *Hawaii-Pacific Venture Capital Corp. v. Rothbard*, 564 F.2d 1343, 1346 (9th Cir. 1977) (denying intervention in *certified* class action that had reached settlement).  Her remaining cases did not involve class actions and are readily distinguishable.  *See Wade v. Goldschmidt*, 673 F.2d 182, 186 (7th Cir. 1982) (per curiam) (denying intervention where proposed intervenors had no interest in the plaintiff's original claims); *Morgan v. McDonough*, 726 F.2d 11, 14 (1st Cir. 1984) (affirming dismissal of parent's group as intervenor when school board is legally presumed to adequately represent group's interests).

1    courts within this Circuit have rejected this argument.  *See, e.g.*, *Bates v. Kashi Co.*,

2    No. 11-1967, ECF No. 16 (S.D. Cal. Nov. 28, 2011) (consolidating putative class

3    actions challenging food labeling and rejecting plaintiff's proposal of staying or

4    dismissing other related cases); *Henderson v. JPMorgan Chase Bank*, No. 11-3428,

5    2011 WL 4056004, at *2 (C.D. Cal. Sept. 13, 2011) ("[C]ourts have regularly declined

6    to apply the first-to-file rule in those situations where the two actions at issue are

7    pending before the same judge.").  *See also Olin Corp. v. Cont'l Cas. Co.*, No. 10-

8    0623, 2011 WL 1337407, at *2 (D. Nev. Apr. 6, 2011) (declining to apply first-to-file

9    doctrine to cases pending before the same judge).

10        The eleven first-to-file cases cited by Plaintiff are distinguishable because they

11   involved cases pending before different districts or, in one case, different judges.[6]

12   Plaintiff's remaining citations do not even involve the first-to-file rule, making them

13   irrelevant to her argument.  *Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684 (9th

14   Cir. 2007) (cited in Opp. at 10), does not discuss the first-to-file rule, and instead it

15   affirmed the dismissal of a duplicative second complaint filed by the *same plaintiff*

16   after the plaintiff's motion to amend her first complaint was denied.  *Id.* at 692-93.

17   Her other case, *U.S. v. Alpine Land & Reservoir Co.*, 174 F.3d 1007, 1009 (9th Cir.

18   1999) (cited in Opp. at 10), also did not discuss the first-to-file rule, and it affirmed an

19   injunction of a related state court action because the federal court enjoyed exclusive

20   jurisdiction over the water rights at issue.  Nevertheless, Defendants agree that if the

---

22   [6]  (*See* Opp. at 10-11 (citing *Pacesetter Sys. Inc. v. Medtronic, Inc.*, 678 F.2d 93, 95
23   (9th Cir. 1982); *AEP Energy Servs. Gas Holding Co. v. Bank of Am., N.A.*, 626 F.3d
     699, 723-24 (2d Cir. 2010); *Telephonics Corp. v. Lindly & Co.*, 291 F.2d 445, 446
24   (2d. Cir. 1961); *Crosley Corp. v. Hazeltine Corp.*, 122 F.2d 925, 929-30 (3d Cir.
     1941); *Catanese v. Unilever*, 774 F. Supp. 2d 684, 688 (D.N.J. 2011); *Lovell v.
25   United Airlines, Inc.*, 728 F. Supp. 2d 1096, 1100-01 (D. Haw. 2010); *Wallace B.
     Roderick Revocable Living Trust v. XTO Energy, Inc.*, 679 F. Supp. 2d 1287, 1298
26   (D. Kan. 2010); *Fuller v. Abercrombie & Fitch Stores, Inc.*, 370 F. Supp. 2d 686,
     690 (E.D. Tenn. 2005); *Peak v. Green Tree Fin. Servicing Corp.*, No. 00-0953,
27   2000 WL 973685, at *2 (N.D. Cal. July 7, 2000); *Ward v. Follett Corp.*, 158 F.R.D.
     645, 648-49 (N.D. Cal. 1994); *see also Weinstein*, 2006 WL 3201045, at *4-5
28   (applying first-to-file to cases pending before *different judges* in same district).

Court is not inclined to grant consolidation, dismissal is preferable to allowing all five

cases to proceed independently, or a stay of the later-filed cases (which would merely

delay the actions and potentially require duplicate discovery and pretrial practice).

*Fourth*, consolidation will not prejudice Plaintiff.  This procedure will

streamline the litigation by removing duplicate discovery and pretrial activity.  The

cases that Plaintiff offers in support of her prejudice argument involved very different

circumstances than those presented here.  For example, in *Mills v. Beech Aircraft

Corp.*, 886 F.2d 758, 761-62 (5th Cir. 1989), the court affirmed denial of consolidation

where one case was filed more than two *years* after the other, and "[one] was ready for

trial and [the other] was not."  Here, all the related cases were filed within two *months*

of each other and remain at a similar procedural stage.  Next, *Cantrell*, 999 F.2d

at 1011, concerned the consolidation of two asbestos cases (one where the plaintiff had

developed cancer and one where the plaintiff had not).  In their appeal of jury verdicts

for plaintiffs, the defendants—for the first time—challenged the consolidation.

Because defendants had failed to contest consolidation prior to trial, the court affirmed

the verdict despite the "obvious" potential for prejudice that the evidence of cancer

could cause in the non-cancer case.  *Id.* at 1011-12.  Here, there is no such danger—all

of the actions raise overlapping claims, they were filed within two months of each

other, and they remain in the very early stages of litigation.  On these facts,

consolidation would not cause any prejudice to any plaintiff.

*Fifth*, the mere possibility of new, later-filed cases is no reason to delay bringing

efficiency to the five suits already pending.  And Defendants already accounted for this

possibility in their Proposed Order, which directs the parties to file a notice of related

case (as required by this Court's Local Rules) and then consolidates those related

actions.  (ECF No. 20-2.)  The Court's procedures allow a party to oppose a related

case transfer and the subsequent consolidation.  *See* C.D. Cal. L.R. 83-1.3.2.

Consolidation will both reduce the incentive for later-filed cases and also—if

Defendants' Proposed Order is entered—create an orderly procedure for handling any

Gibson, Dunn &
Crutcher LLP

7

similar cases that are filed.  Other courts in this Circuit have approved the same procedure for managing future-filed cases advocated here, including the specific language in the Proposed Order:  "Any other related actions now pending or subsequently filed in, or transferred to, this District shall be consolidated into this action for all purposes."  *Leone v. Moore*, No. 07-4073, 2007 WL 2972639, at *1 (N.D. Cal. Oct. 10, 2007).[7]

## III.   THE COURT SHOULD EXERCISE ITS DISCRETION TO ORDER THE FILING OF A MASTER CONSOLIDATED COMPLAINT

Following the consolidation of the five overlapping class actions, the Court should order the plaintiffs to file a master consolidated complaint.  Rule 42(a) gives the Court broad authority to "issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a)(3).  *See also* MANUAL FOR COMPLEX LITIGATION § 21.25, at 276 (noting power of court to "order[] or allow[] the filing of a consolidated complaint" so that there is a "single pleading, in a single action, [that] can then serve as the vehicle for defining the proposed class and deciding class certification").

Contrary to Plaintiff's assertion (Opp. at 16), she has no "veto power" over this Court's inherent power to order a consolidated pleading.  She cites *Hawaii-Pacific Venture Capital Corp. v. Rothbard*, 564 F.2d 1343, 1346 (9th Cir. 1977), for this proposition, but that case has nothing to do with consolidated pleadings and instead concerns the ability of potential class members to intervene in a class action judgment. Other courts in this District have already considered and rejected arguments against a court's authority to order consolidated pleading over parties' objections.  For example, *In re Equity Funding Corp. of Am. Sec. Litig.*, 416 F. Supp. 161 (C.D. Cal. 1976), explained that "it [was] beyond question" that a consolidated complaint "may tend to

---

[7]   Plaintiff's argument that Rule 42 "prohibits consolidation of cases not yet filed" is true, but irrelevant.  (Opp. at 15, citing *Pan Am. World Airways, Inc. v. U.S. Dist. Ct. for the Cent. Dist. of Cal.*, 523 F.2d 1073 (9th Cir. 1975).)  Defendants simply propose a procedure for consolidating any new related cases *after they are filed*.

avoid unnecessary costs or delay" (quoting Rule 42(a)(2)), and noted that a consolidated pleading offered many benefits:

> [T]he court has been able to receive memoranda and hear argument directed to one coherent pleading. Likewise, argument and consideration of class action issues has been made considerably easier by the consolidated complaint, because the court has not had to go through varying and conflicting class allegations that may have been slated in each separate complaint.  The burdens of discovery management are lessened by the existence of this consolidated pleading as a reference point.  More mundane clerical and administrative details . . . have also been made much less burdensome to counsel and the court.

*Id.* at 176.  By contrast, if the district court permitted each action to proceed with a separate complaint, "the result could only have been considerable confusion and delay of all pretrial matters caused by an unmanageable hodge-podge."  *Id.*; *see also Katz v. Realty Equities Corp. of New York*, 521 F.2d 1354, 1358-59 (2d Cir. 1975) (affirming order of consolidated complaint as "keeping the preliminary stages of these cases within reasonable bounds"); *In re Wirebound Boxes Antitrust Litig.*, 128 F.R.D. 262, 264 (D. Minn. 1989) (approving filing of consolidated complaint over objections of two plaintiffs and citing Rule 42(a) as appropriate authority for ordering consolidated pleading).[8]

## IV.  **CONCLUSION**

These related class actions present the classic case for consolidation.  The complaints assert similar (if misguided) attacks on the labeling of Naked Juice's products, the cases are at the very early stages of litigation, no party will suffer any prejudice from this procedure, and all of the parties to these five related actions except

---

[8]  Plaintiff misstates the holdings in the remaining cases she cites (Opp. at 16): *Sparano v. Lief*, No. 10-2079, 2011 WL 830109, at *1 (S.D. Cal. Mar. 3, 2011), did not state that no consolidated pleading would have been ordered had a party objected, and *Seidel v. United States*, No. 09-04875, 2011 WL 1120023, at *2 (N.D. Cal. Mar. 28, 2011), did not base its order requiring a consolidated complaint on a finding that other plaintiffs were necessary parties.

Gibson, Dunn &
Crutcher LLP

Plaintiff Sandys support consolidation.  Should any future actions raise similarly related claims, Defendants' Proposed Order contemplates a method to handle these actions in line with the Rules and Circuit precedents.  In sum, consolidation provides a simple procedural solution authorized by Rule 42(a) that would produce many efficiencies and expedite the resolution of these claims.

If the Court is not inclined to order consolidation, then Defendants respectfully submit that it should adopt an alternative approach for the efficient management of these cases.  Although there are legal impediments to a dismissal under the first-to-file rule, this approach is preferable to allowing the five related cases to proceed separately, or a stay of the four later-filed actions (which would merely create delay and potentially require the parties to conduct the same discovery and litigate the same pretrial motions all over again).

Dated:  January 23, 2012                  GIBSON, DUNN & CRUTCHER LLP


                                          By:  _____/s/ Christopher Chorba_____
                                                      Christopher Chorba

                                          Attorneys for Defendants Naked Juice Co. of
                                          Glendora, Inc. and PepsiCo, Inc.

Gibson, Dunn &
Crutcher LLP

# EXHIBIT 1

1

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                    **SOUTHERN DISTRICT OF CALIFORNIA**

10

11   MICHAEL BATES and VANESSA                    CASE NO. 11-CV-1967-H (BGS)
     GIBSON,                                        11-CV-2256-H (BGS)
12                                                  11-CV-2285-H (BGS)
                                    Plaintiff,      11-CV-2356-H (BGS)
13          vs.
                                                  **ORDER CONSOLIDATING**
14   KASHI COMPANY, a California                  **CASES**
     corporation; KELLOGG COMPANY, a
15   Delaware corporation; DAVID
     DENHOLM, DAVID DESOUZA; and
16   DOES 1-100,

17                                 Defendants.

18

19          On August 24, 2011, Plaintiffs filed a class action complaint against Defendants Kashi

20   Company, Kellogg Company, David Denholm and David Desouza.    (Doc. No. 1.)

21   Subsequently, several other individual plaintiffs filed similar suits, purporting to represent a

22   nationwide class of consumers who purchased Kashi products containing artificial and

23   synthetic ingredients.[1]   The cases have been transferred to this Court pursuant to the Local

24   Civil Rule 40.1(e), but have not been consolidated.  On October 19, 2011, the Court issued an

25   Order to Show Cause as to why the cases should not be consolidated.  (Doc. No. 10.)

26   _____

27          [1] See Diaz v. Kashi Company et al., 11-CV-2256; Chatham v. Kashi Company et al., 11-CV-
     2285; Sethavanish et al. v. Kashi Company, 11-CV-2356; Baisinger v. Kashi Company et al., 11-CV-
28   2367.

11cv1967

On November 14, 2011, Plaintiffs filed their response to the Court's Order. (Doc. No. 14.) Plaintiffs oppose consolidation, and seek to stay the other cases as duplicative under Federal Rule of Civil Procedure 42(a)(3). (Id. at 2.) On November 14, 2011, Defendant filed a statement in support of consolidation in response to the Court's Order, arguing that the five related lawsuits should be consolidated. (Doc. No. 15.)

Rule 42(a) of the Federal Rules of Civil Procedure provides: "If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." The primary purpose of the rule is to promote trial court efficiency and avoid the danger of inconsistent adjudications. See E.E.O.C. v. HBE Corp., 135 F.3d 543, 551 (8th Cir. 1998). The district court has broad discretion under Rule 42 to consolidate cases pending in the same district. Investors Research Co. v. U.S. Dist. Court for Cent. Dist. of California, 877 F.2d 777, 777 (9th Cir. 1989). Where two or more related actions present the same factual and legal issues, consolidation provides that the cases proceed under a single case number.

Here, the related cases involve common questions of fact and law. They also involve the same defendant, Kashi, and class definitions. The Court concludes that consolidation will save time, effort, and duplication of litigation given the overlap of the issues. Consolidation of the cases will serve the purposes of judicial economy and convenience. Accordingly, the Court issues the following order:

(1)     Bates & Gibson v. Kashi Co. et al., 11-CV-1967, shall be the lead case for purposes of case management dates;

(2)     All future filings shall be made in the lead case.

**IT IS SO ORDERED.**

DATED: November 28, 2011

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT

11cv1967

COPIES TO:

Counsel of record in Diaz v. Kashi Company et al., 11-CV-2256; Chatham v. Kashi Company et al., 11-CV-2285; Sethavanish et al. v. Kashi Company, 11-CV-2356; and Baisinger v. Kashi Co., 11-CV-2367.

## CERTIFICATE OF SERVICE

I, Jenna Musselman Yott, certify as follows:

I am employed in the County of San Francisco, State of California.   I am over the age of eighteen years and am not a party to this action.  My business address is 555 Mission Street, San Francisco, California, 94105, in said County and State.  I certify that on the date indicated below, I electronically transmitted to the Clerk and to each of the persons named below, who are registered as CM/ECF Users and have consented to electronic service, the following document using the CM/ECF System:

**DEFENDANTS' REPLY IN SUPPORT OF ITS MOTION TO CONSOLIDATE RELATED CLASS ACTIONS**

| **Attorneys for Plaintiff Sandys** | | |
|---|---|---|
| Yvette Golan<br>The Golan Law Firm<br>1919 Decatur St.<br>Houston, Texas 77007<br>Tel.: (866) 298-4150<br>Fax:  (928) 441-8250<br>ygolan@tgfirm.com | David Howard Berg<br>Christopher L. Gadoury<br>Berg & Androphy<br>3704 Travis<br>Houston, TX  77002-9550<br>Tel.: (713) 529-5622<br>Fax:  (713) 529-3785<br>Dberg@bafirm.com<br>CGadoury@bafirm.com | Shirish Gupta<br>Flashpoint Law, Inc.<br>18662 MacArthur Blvd.<br>2nd Floor<br>Irvine, CA 92612<br>Tel.: (650) 539-4019<br>Fax:  (866) 936-1530<br>sgupta@flashpointlaw. com |

| **Attorneys for Plaintiff Pappas** |
|---|
| Robert Ahdoot      rahdoot@ahdootwolfson.com<br>Tina Wolfson      twolfson@ahdootwolfson.com<br>Bradley K. King      bking@ahdootwolfson.com<br>Theodore W. Maya      tmaya@ahdootwolfson.com<br>Ahdoot & Wolfson PC<br>10850 Wilshire Boulevard, Suite 370<br>Los Angeles, CA  90024<br>Tel.: (310) 474-9111<br>Fax:  (310) 474-858 |

Gibson, Dunn &
Crutcher LLP

1

| **Attorneys for Plaintiff Marchewka** | |
|---|---|
| Rosemary M. Rivas<br>Danielle A. Stoumbos<br>Finkelstein Thompson LLP<br>100 Bush Street, Suite 1450<br>San Francisco, CA  94104<br>Tel.:  (415) 398-8700<br>Fax:  (415) 398-8704<br>rrivas@finkelsteinthompson.com<br>dstoumbos@finkelsteinthompson.com | Tracy D. Rezvani<br>Robert O. Wilson<br>Finkelstein Thompson LLP<br>1070 30th Street NW<br>Suite 150<br>Washington, DC  20007<br>Tel.:  (202) 337-8000<br>Fax:  (202) 337-8090<br>trezvani@finkelsteinthompson.com<br>rwilson@finkelsteinthompson.com |

| **Attorneys for Plaintiff Evans** |
|---|
| Christopher P. Ridout    c.ridout@ridoutlyonlaw.com<br>Devon M. Lyon    d.lyon@ridoutlyonlaw.com<br>Caleb Marker    c.marker@ridoutlyonlaw.com<br>Ridout & Lyon, LLP<br>555 E. Ocean Blvd. Suite 500<br>Long Beach, CA 90802<br>Tel.: (562) 216-7380<br>Fax:  (562) 216-7385 |

| **Attorneys for Plaintiff Park** |
|---|
| Lionel Zevi Glancy    lglancy@glancylaw.com<br>Michael M. Goldberg    mgodino@glancylaw.com<br>Marc L. Godino    mmgoldberg@glancylaw.com<br>Glancy Binkow & Goldberg LLP<br>1801 Avenue of the Stars Suite 311<br>Los Angeles, CA 900067<br>Tel.: (310) 201-9150<br>Fax:  (310) 201-9160 |

I further certify that on the date indicated below, I caused such document to be transmitted by PDF format via electronic mail to the parties and electronic mail addresses named above, and that the transmission was reported complete and without error.  The foregoing document was printed on recycled paper.

I declare under penalty of perjury that the foregoing is true and correct.

DATED:  January 23, 2012                    /s/
                                         Jenna Musselman Yott

Gibson, Dunn &
Crutcher LLP

2