THE GOLAN LAW FIRM
YVETTE GOLAN (*by pro hac vice*)
1919 Decatur St.
Houston, TX 77007
Telephone: (866) 298-4150 ext. 101
ygolan@tgfirm.com

FLASHPOINT LAW, INC.
SHIRISH GUPTA (SBN 205584)
1900 S. Norfolk Street, Suite 350
San Mateo, CA 94403
Telephone:  (650) 539-4019
sgupta@flashpointlaw.com

Attorneys for Plaintiffs Michael Bates and Vanessa Gibson

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARA SANDYS, and all others similarly situated,<br><br>                Plaintiffs,<br><br>v.<br><br>NAKED JUICE COMPANY, a California corporation, PEPSICO INC., a New York corporation; and DOES 1-100,<br><br>                Defendants. | Case No. 2:11-CV-08007-JAK-PLA<br><br>**CLASS ACTION**<br><br>**PLAINTIFF SANDYS'S OPPOSITION TO PAPPAS PLAINTIFFS MOTION TO APPOINT INTERIM LEAD CLASS COUNSEL**<br><br>Judge:   Honorable John A. Kronstdt<br><br>Complaint Filed:  Sept. 27, 2011 |

    In late September, Plaintiff Sara Sandys filed the instant and the first class action against Defendants for the false and misleading labeling of their Naked Juice beverages.  Her suit was based upon an extensive investigation led by her counsel, only part of which is disclosed in her complaint.  By late November, three additional suits were filed, bringing the same claims against the same Defendants

1

as those brought in the *Sandys* complaint.

On November 21, 2011, the plaintiffs in all three of these actions moved this court to consolidate their actions, absorbing the *Sandys* action but adopting the case number of the later-filed *Pappas* complaint. All three plaintiffs asked this Court to appoint their counsel as interim lead counsel (collectively, the "Pappas Group."), and to order the entry of a master consolidated complaint.

That day, a fourth action, *Park,* was filed. The Pappas Group subsequently added counsel in *Park* as part of their "Executive Committee." Pappas Group's Opposition to Sandys' Motion to Appoint Interim Lead at 2:25-26. The Pappas Group does not indicate the role of an "Executive Committee."

As this Court permitted by its January 18, 2012 Order (Dkt. 40), Sandys hereby opposes the motion to appoint lead filed in *Pappas*. Sandys respectfully requests that this Court **DENY** their motion and stay the action or permit counsel to represent the individuals in their individual capacity only, but not as a putative class. In the alternative, Sandys respectfully requests this Court conduct a hearing and independently determine an effective leadership structure that includes Sandys and her counsel.

**I. The Proper Procedure Provided in Rule 23 and Followed in Sandys.**

The Federal Judicial Center's Class Action Pocket Guide for Judges describes how lead counsel is normally selected:

> In the typical class action, the lawyer who filed the case will be the only logical choice for appointment as class counsel. That lawyer may have investigated the case independently or may have spoken with government regulators, investigative journalists, or other public information sources.

Managing Class Action Litigation: A Pocket Guide for Judges at 7 (Federal Judicial Center) (2010).

Courts prefer that lead status be conferred on the attorneys who had done

2

PLAINTIFF SANDYS'S OPPOSITION TO PAPPAS MOTION TO APPOINT LEAD COUNSEL

"real investigation into and work on the case." *Third Circuit Task Force Report on Selection of Class Counsel,* 74 Temp. L. Rev. 689, 771-72 (2001). "The filing of a well-prepared complaint after significant investigation is relevant 'work'; the filing of a skeletal complaint is no 'work' at all." *Id.*

The plaintiff who conducted the significant investigation and filed a well-prepared complaint – i.e., Sandys, would propose counsel. "In those cases, the task of selecting counsel consists of determining that the filing attorney satisfies Rule 23(g) standards." Managing Class Action Litigation: A Pocket Guide for Judges at 7 (Federal Judicial Center) (2010).

What should attorneys do if they would like to represent a class in a pending complaint? If the current counsel is not adequate under Rule 23(g), they can intervene and move to be appointed lead counsel. If more than one intervene and seek appointment as lead counsel to replace inadequate counsel, the Court selects the best counsel.

This is orderly. This is reasonable. This is a process that benefits the class.

What if counsel currently representing the plaintiff is adequate, but the class would nonetheless benefit from additional counsel? The Rules do not permit them to intervene, and so they have no legal right to be heard.[1] However, a better device is available: the telephone. Class counsel has an interest in ensuring that the class is represented by an effective legal team.

Attorneys in the *Sandys* action, for example, invited all counsel in the *Pappas, Marchewka, Evans, and Parks* actions to discuss joining them as class counsel in *Sandys*. She even significantly changed the leadership structure she had previously proposed in an effort to encourage collaboration. *See, e.g.,* Motion to

---

[1] *See* cases cites at *Sandys* Opposition to Defendants' Motion to Consolidate at 8:23-9:18 (Dkt. 22).

1  Strike Opposition for Failure to Comply with Rule 7-3 (Dkt. 41).  Her counsel's
2  conversations with counsel in *Pappas, Marchewka, Evans*, and *Parks*, as well as
3  other class action attorneys, are continuing.
4        This is orderly.  This is reasonable.  This is a process that benefits the class.
5        This is also a procedure that is fair. "Reciprocity and cooperation create trust
6  and mutual respect so that attempts to coordinate are not perceived as attempts to
7  dominate."  Manual for Complex Litigation (4th ed.) § 20.211.  *See also* Manual
8  for Complex Litigation (3d ed.) § 20.225 ("[i]f related litigation is pending in other
9  federal or state courts . . . the judge may direct counsel to coordinate with the
10 attorneys involved in the other cases to reduce duplication and potential conflicts
11 and to further efficiency and economy through coordination and sharing of
12 resources.").

13 **II. Entrepreneurial Methods to Bypass the FRCP Method Adopted in Pappas**
14       Class actions are often lawyer-driven, and "[i]n high-stakes, high-profile
15 class action litigation, entrepreneurial plaintiff attorneys often compete to play the
16 lead role."  Managing Class Action Litigation: A Pocket Guide for Judges at 7
17 (Federal Judicial Center) (2010).  Increasingly, attorneys will file "piggyback"
18 actions to announce that they want to be considered for inclusion as class counsel.
19 *Id.*
20       Attorneys filing these sorts of actions can be excellent and upstanding class
21 action attorneys, but some tend to be more opportunistic in will and intent.
22 Because separating the former from the latter can create a fight over the
23 appointment of lead class counsel, attorneys will sometimes agree to "consolidate"
24 the actions and list *all* the attorneys as lead counsel.
25       Such is the proposal of the Pappas Group. All of the attorneys who had filed
26 a complaint as of the date of their motion are proposed as interim lead counsel.
27
4
28 PLAINTIFF SANDYS'S OPPOSITION TO PAPPAS MOTION TO APPOINT LEAD COUNSEL

The attorneys who filed the fourth complaint are proposed as members of the "Executive Committee." Pappas Group's Opposition to Sandys' Motion to Appoint Interim Lead at 2:25-26 (Dkt. ___).

Two of the four later-filed actions are skeletal complaints (*Pappas*) or based significantly on the factual allegations in the *Sandys* complaint (*Marchewka*). The other two actions are little more than copies of the other complaints.  In fact, the *Evans* complaint is a nearly word-for-word copy of the *Pappas* action, and yet the attorneys.  The *Park* complaint copies wholesale many of the material allegations in the *Sandys* complaint.[2]  "The filing of a well-prepared complaint after significant investigation is relevant 'work'; the filing of a skeletal complaint is no 'work' at all." *Third Circuit Task Force Report on Selection of Class Counsel*, 74 Temp. L. Rev. 689, 772 (2001)

The Federal Judiciary Center warns judges to be wary of such convenient arrangements.  "To safeguard the interests of the class and to prevent unnecessary litigation and overstaffing, you may want to review those agreements (which will be subject to disclosure upon settlement in any event)." Managing Class Action Litigation: A Pocket Guide for Judges at 7-8 (Federal Judicial Center) (2010). *See also* Fed. R. Civ. P. 23(g)(1)(C)(iii) (allowing the court to "order potential class counsel to provide information on any subject pertinent to the appointment and to propose terms for attorney's fees and nontaxable costs.").

Defendants also quite rightly questions the multi-firm structure.

---

[2]  For example, *Sandys* alleges that "[c]onsumers would not know the true nature of the ingredients merely by reading the ingredient label.  Its discovery requires investigation beyond the grocery store and a knowledge of food chemistry beyond that of the average reasonable consumer." *Sandys* Complaint ¶ 112.  *Park* makes the identical allegation, word-for-word. *Park* Complaint ¶ 31.  This wholesale copying occurs throughout the *Park* complaint.  As a few more examples, compare *Sandys* Complaint ¶ 122 with *Park* Complaint ¶ 33, and *Sandys* Complaint ¶ 141-144 with *Park* Complaint ¶ 35-38.

5
PLAINTIFF SANDYS'S OPPOSITION TO PAPPAS MOTION TO APPOINT LEAD COUNSEL

Defendants' Response to Plaintiffs' Joint Motion for an Order Consolidating Cases and Appointing Interim Co-Lead Class Counsel at 3, *Pappas v. Naked Juice Co. of Glendora Inc. et al.*, CV 11-08276-JAK-PLAx

### III. Without Full Consent, the Entrepreneurial Method Should Not be Permitted to Bypass the Federal Rules' Procedure

This aspect of class action practice stays outside the court's view. Thus, there is very little case law regarding consolidation of class actions. When consolidation is permitted, it is because all counsel have agreed to consolidation, thus dispensing with any question of its legality. When counsel has opposed consolidation, however, courts can and should assess whether consolidation will unfairly prejudice the litigants, and whether another procedural device, such as a stay, is available.

#### *A. Alternative Procedural Devices are Available to Control Duplicative Litigation*

Defendants, Sandys, and the Pappas Group all agree that some Rule 42 device is necessary to effectively handle the multiple class actions – which all seek to represent the same consumers against the same defendants for misleadingly labeling the same products. Sandys Opposition to Defendants' Motion to Consolidate (Dkt. 22).

The parties disagree, however, on the best method to accomplish this end. As Sandys argued in her Opposition to Defendant's Motion to Consolidate (Dkt. 22), this Court should use its broad authority under Rule 42(a)(3) to handle the interests of later-filed cases against defendants. To handle the filing of the overlapping cases, the Court should stay or enjoin, or (in limited cases) dismiss all related litigation under Fed. R. Civ. Proc. 42(a)(3) for cases pending in this district, and apply the first-to-file rule for cases pending in another district. Even the

Manual for Complex Litigation encourages a stay to minimize duplicative activity in related cases; emphasizing that "*In appropriate cases, a judge may order an action stayed pending resolution of a related case in a federal court.*" Manual for Complex Litigatioin (4th ed.) at 20.14 (emphasis in original); *accord id.* at 20.313.

### B. Unfairness to Sandys in Ordering a Consolidated Complaint

Sandys does not dispute that this Court has the authority to order a consolidated complaint if all plaintiffs consent. However, a consolidated complaint is improper here, as it would force Sandys to drop her claims, factual allegations, and impose other substantive limitations.

While every claim brought in *Pappas, Marchewka, Evans,* and *Park* complaints are also brought in *Sandys,* **none** of these four complaints bring Sandys's key claims and allegations. Allowing the Pappas Group to have complete control over the consolidated complaint would significantly prejudice her right to have her claims heard.

"Cases consolidated under Rule 42(a) retain their separate identity. . . . Therefore, it is the district court's responsibility to ensure that parties are not prejudiced by consolidation." *Lewis v. ACB Bus. Services, Inc.,* 135 F.3d 389, 412-13 (6th Cir. 1998). Moreover, as the Supreme Court has held, the consolidation device cannot be used "to change the rights of the parties, or make those who are parties in one suit parties in another." *Johnson v. Manhattan Railway Co.*, 289 U.S. 479, 496-97 (1933); "*Johnson* remains the authoritative statement on the law of consolidation." *Newfound Mgmt. Corp. v. Lewis*, 131 F.3d 108, 116 (3d Cir. 1997)

> *1. Claims, Allegations, and Theories in the Sandys Complaint that are Lacking in the Pappas Group's Complaints*

In addition to suing Defendants for the misleading labeling of their

beverages as "all natural," Sandys also sues Defendants for falsely labeling each beverage as not containing genetically modified ingredients ("non-GMO"), and for fraudulently concealing the nature and identity of the so-called "natural flavors." *See* Sandys Complaint at ¶¶ 47-48, 53, 113-119.  ***None*** of the plaintiffs in *Pappas, Evans, Marchewka*, or *Park* bring either of these claims.

The *Sandys* complaint also demonstrates that Sandys has far more factual investigation and factual support for her claims, and the Pappas Group's dismissing her key role in the aggressive representation of the class not only injures the class, but also unfairly prejudices Sandys's ability to have her claims fully heard.

For example, while the *Pappas, Evans,* and *Park* complaints all sue PepsiCo, ***none*** of the complaints bring any factual allegations of what PepsiCo knew, intended, or directed.  Only the *Sandys* complaint demonstrates the will and ability to bring these allegations. *See* Sandys Complaint at ¶¶ 64-66 (discussing PepsiCo's knowledge of GMO ingredients); *id.* at ¶¶ 145-146 (Discussing PepsiCo's intent to benefit and actual benefit from Naked Juice's marketing practices, including through its "Power of One" imperative); *id.* at ¶¶ 147-159 (PepsiCo's knowledge and direction of Naked Juice's misleading marketing practices, including, for example, its Global Nutrition Group, and its "Performance with a Purpose" corporate strategy).

***None*** of the four complaints bring specific factual allegations of what defendants *intended* by their labels.  Only the *Sandys* complaint brings these allegations. *See* Sandys Complaint at ¶ 34 (discussing statements by former Naked Juice General Manager of how and why a consumer purchases a Naked Juice beverage); *id.* at ¶ 38 (same of Naked Juice's marketing director); In fact, the *Pappas, Evans, Marchewka*, and *Park* complaints allege the misleading

labeling in a total vacuum. Their allegations are no different than what they would allege if, for instance, the representations were made on a package of punch rather than by a brand that markets itself as a health food brand committed to sustainability and environmental responsibility. This is the heart of the entire suit.

Without this proof and these allegations, the Pappas Group will have substantial difficulty in proving Defendants' intent, consumer's reliance, and the materiality of the false statements. Without this proof and these allegations, they will have substantial difficulty in proving that Defendants' labeling were fraudulent under California's Unfair Competition Law and Consumer Legal Remedies Act.

### *2. Consolidation does not merge the suits, and cannot be used to alter the rights of the parties to their prejudice*

The U.S. Supreme Court holds that "[c]onsolidation is permitted as a matter of convenience and economy in administration, but does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another." *Johnson v. Manhattan Railway Co.*, 289 U.S. 479, 496-97 (1933).

Thus, absent consent of the parties, while "the district courts are invested with the power to consolidate actions for all purposes and to appoint a general counsel they have no such authority to order a consolidated complaint." *MacAlister v. Guterma*, 263 F.2d 65, 69 (2d Cir. 1958); *Garber v. Randell*, 477 F.2d 711, 717 (2d Cir. 1973) (reversing the district court's order of a consolidated complaint); *Journapak Corp. v. Bair*, 27 F.R.D. 509, 510 (S.D.N.Y. 1961) (refusing to order a consolidated complaint, reasoning that even though "the district courts are invested with power to consolidate actions for all purposes they have no such authority to order a consolidated complaint as requested by

appellant.").

The Second Circuit's decision in *MacAlistter v. Guterma* is instructive. In this case, three stockholder brought separate derivative actions, each seeking recovery on behalf of the Bon Ami Co. against its officers, directors, and controlling shareholders for breach of their fiduciary duty. 263 F.2d at 66. The Defendants sought consolidation, reasoning that the three suits would otherwise create duplicative motion practice. Two of the three plaintiffs joined Defendants' motion, but the third plaintiff strenuously objected. *Id.* The district court denied Defendants' request for consolidation, and the Second Circuit affirmed, finding its decision to refuse a consolidated complaint to be proper.

The Second Circuit held that while the district court *could* consolidate the actions, it had "no such authority to order a consolidated complaint." *Id.* at 69. Such an order would merge the actions in violation of *Johnson*'s instruction that consolidation does not change the parties' rights, nor make a them parties in another suit. *Id., citing Johnson*, 289 U.S. at 496-97. The court noted that consolidation was unnecessary to control the duplicative suits, as the court could issue a stay of later-filed derivative suits pending the judgment in the present actions. 263 F.2d at 71.

In *McAlister*, like here, there was a charge that one of the plaintiffs supporting consolidation was trying to oust counsel that opposed consolidation. The court recognized that this animosity indicated that a consolidated complaint was even more inappropriate, as there was only a small likelihood that counsel for all three stockholders would be able to work harmoniously under the hand of one general counsel. *Id.* at 70.

Dated: January 20, 2012                        THE GOLAN FIRM
                                               Yvette Golan
                                               By: /s/ Yvette Golan
                                                   Yvette Golan

                                               Attorneys for Plaintiff Sara Sandys

PLAINTIFF SANDYS'S OPPOSITION TO PAPPAS MOTION TO APPOINT LEAD COUNSEL

# CERTIFICATE OF SERVICE

I, Yvette Golan, certify as follows:

I am employed in the County of Harris, State of Texas. I am over the age of eighteen years and am not a party to this action. My business address is 1919 Decatur Street, Houston, Texas 77007, in said County and State. I certify that on the date indicated below, I electronically transmitted to the Clerk and to each of the persons names below, who are registered as CM/ECF Users and have consented to electronic service, the following documents using the CM/ECF System:

PLAINTIFF SANDYS'S OPPOSITION TO PAPPAS PLAINTIFFS MOTION TO APPOINT INTERIM LEAD CLASS COUNSEL

**Attorneys for Defendants**

| | |
|---|---|
| DANIEL W. NELSON | CHRISTOPHER CHORBA |
| GIBSON, DUNN & CRUTCHER LLP | DHANANJAY S. MANTHRIPRAGADA |
| 1050 Connecticut Avenue, N.W. | GIBSON, DUNN & CRUTCHER LLP |
| Washington, D.C. 20036 | 333 South Grand Avenue |
| Tel.: (202) 955-8500 | Los Angeles, California 90071-3197 |
| Fax.: (202) 530-4238 | Tel.: (213) 229-7000 |
| DNelson@gibsondunn.com | Fax.: (213) 229-7520 |
| | CChorba@gibsondunn.com |
| | DManthripragada@gibsondunn.com |

I further certify that on the date indicated below, I caused each such document to be transmitted by PDF format via electronic mail to the parties and electronic mail address named above, and that the transmission was reported complete and without error. The foregoing document was printed on recycled paper.

**Attorneys for Plaintiff Pappas**

TINA WOLFSON
ROBERT AHDOOT

1

| | |
|---|---|
| AHDOOT & WOLFSON, P.C. | |
| 10850 Wilshire Blvd., Suite 370 | |
| Los Angeles, California 90024 | |
| Tel.: (310) 474-9111 | |
| Fax.: (310) 474-8585 | |
| twolfson@ahdootwolfson.com | |
| rahdoot@ahdootwolfson.com | |

**Attorneys for Plaintiff Marchewka**

| | |
|---|---|
| ROSEMARY M. RIVAS | TRACY D. REZVANI |
| DANIELLE A. STOUMBOS | ROBERT O. WILSON |
| FINKELSTEIN THOMPSON, LLP | FINKELSTEIN THOMSON LLP |
| 100 Bush Street, Suite 1450 | 1070 30th Street NW, Suite 150 |
| San Francisco, California 94104 | Washington, DC 20007 |
| Tel.: (415) 398-8700 | Tel.: (202) 337-8000 |
| Fax.: (415) 398-8704 | Fax.: (202) 337-8090 |
| rrivas@finkelsteinthomson.com | trezvani@finkelsteinthomson.com |
| dstoumbos@finkelsteinthomson.com | rwilson@finkelsteinthomson.com |

**Attorneys for Plaintiff Evans**
CHRISTOPHER P. RIDOUT
DEVON M. LYON
CALEB MARKER
RIDOUT & LYON, LLP
555 E. Ocean Blvd., Suite 500
Long Beach, California 90802
Tel.: (562) 216-7380
Fax.: (562) 216-7385
c.ridout@ridoutlyonlaw.com
d.lyon@ridoutlyonlaw.com
c.marker@ridoutlyonlaw.com

**Attorneys for Plaintiff Park**
LIONEL ZEVI GLANCY
MICHAEL M. GOLDBERG
MARC L. GODINO
GLANCY BINKOW & GOLDBERG LLP
1801 Avenue of the Stars, Suite 311
Los Angeles, CA 900067

2

1  Tel.: (310) 201-9150
2  Fax: (310) 201-9160
   lglancy@glancylaw.com
3  mgodino@glancylaw.com
4  mmgoldberg@glancylaw.com

5      I declare under penalty of perjury pursuant to the laws of the United States
6  of America that the foregoing is true and correct.

9  DATED: January 25, 2011                    THE GOLAN FIRM
                                              Yvette Golan
10                                            By:   /s/ Yvette Golan
11                                                  Yvette Golan

                                              *Attorney for Plaintiff Sara Sandys*

3