THE GOLAN LAW FIRM
YVETTE GOLAN (*by pro hac vice*)
1919 Decatur St.
Houston, TX 77007
Telephone: (866) 298-4150 ext. 101
ygolan@tgfirm.com

FLASHPOINT LAW, INC.
SHIRISH GUPTA (SBN 205584)
1900 S. Norfolk Street, Suite 350
San Mateo, CA 94403
Telephone: (650) 539-4019
sgupta@flashpointlaw.com

*Attorneys for Plaintiff Sara Sandys*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| SARA SANDYS,<br><br>       Plaintiff,<br><br>    v.<br><br>NAKED JUICE COMPANY, a California corporation; PEPSICO INC., a New York corporation; and DOES 1-10,<br><br>       Defendants. | CASE NO. LA CV-11-08007 JAK (PLAx)<br><br>**JOINT RULE 16(B) REPORT OF PARTIES' PLANNING MEETING PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(f)**<br><br>Scheduling Conference<br>Date:      February 6, 2012<br>Time:      8:30 a.m.<br>Place:     Courtroom 750, 7th Floor<br><br>Action Filed:  September 27, 2011 |

Plaintiff Sara Sandys ("Plaintiff"), and Defendants Naked Juice Co. of Glendora, Inc. and PepsiCo, Inc. (collectively, "Defendants"), by and through their undersigned counsel, respectfully submit this Joint Rule 16(b) Report, which includes a report of their conference pursuant to Rule 26(f) of the Federal Rules of Civil Procedure.  (Plaintiff and Defendants are referred to collectively herein, as the "Parties.")

## A. STATEMENT OF THE CASE

This action challenges the labeling of Naked Juice beverages as "All Natural," "100% Juice," "100% Fruit," and/or "non-GMO."  Plaintiff alleges that the statements are false and/or misleading as to several lines of Naked Juice beverages, including: Naked Red Machine, Green Machine, Power-C Machine, Acai Machine, Blue Machine, Gold Machine, Mango Veggie, Berry Veggie, Mighty Mango; Pomegranate Acai, Berry Blast, Probiotic Very Berry, Probiotic Tropical Mango, Protein Zone, Protein Zone Double Berry, and Protein Zone Mango.

Plaintiff alleges that these beverages contain genetically modified ingredients, synthetic ingredients, and ingredients that are not the vitamin they are claimed to be, and that Defendants wrongfully conceal the nature and identity of "natural flavors." Plaintiff asserts claims on behalf of a putative nation-wide class of consumers for alleged violations of California's Unfair Competition Law (Cal. Bus. & Prof. Code § 17200 *et seq*.), False Advertising Law (Cal. Bus. & Prof. Code § 17500 *et seq*.), breach of express and implied warranty, unjust enrichment, and other common law and tort claims.

Defendants PepsiCo and Naked Juice deny that they violated any laws, or that Plaintiff states a claim under any of their theories.  Defendants have moved to dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and that motion is currently scheduled for hearing on February 27, 2012. Defendants dispute that Plaintiff may obtain class certification pursuant to Rule 23 of the Federal Rules of Civil Procedure.

Most of the positions stated in this Report depend upon how this Court resolves Defendants' pending motion for consolidation and Plaintiff's pending motion for appointment of interim lead class counsel.  Both matters are scheduled to be heard on February 6, 2012, the same date as the Scheduling Conference.  Both subjects are addressed more fully below.

## B. SUBJECT MATTER JURISDICTION

This Court has subject matter jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d) because (1) the proposed number of putative class members exceeds 100; (2) at least one plaintiff and one defendant are citizens of different states; and (3) the amount in controversy, including, but not limited to the aggregate amount of relief sought by absent class members, exclusive of interest and costs, exceeds $5 million.

## C. LEGAL ISSUES

1. <u>Judicial Intervention of Related Actions Pending or Subsequently Filed</u>. Currently, there are four other related actions to the present case.[1]  There is also a fifth action brought by an individual, also bringing the same or similar claims, and based on the same factual allegations.  *Hinton v. Naked Juice Co. of Glendora Inc., et al.*, Case No. 8:11-cv-03740-AW (D. Md.).

Currently pending in this case are Defendants' Motion to Consolidate (ECF No. 20), which Plaintiff has opposed (ECF No. 22).  Though the motion and the opposition

---

[1]   After the Plaintiff filed her action, four additional related actions were filed pending against Defendants before this Court:  (1) *Pappas v. Naked Juice Co. of Glendora, Inc., et al.*, No. LA CV-11-08276-JAK (PLAx) (filed October 5, 2011) ("*Pappas*"); (2) *Marchewka v. Naked Juice Co. of Glendora, Inc.*, No. SA CV-11-01701 JAK (PLAx) (filed November 7, 2011) ("*Marchewka*"); (3) *Evans v. v. Naked Juice Co. of Glendora, Inc., et al.*, No. LA CV-11-9412-JAK (PLAx) (filed November 10, 2011) ("*Evans*"); and (4) *Park v. Naked Juice Co. of Glendora, Inc.*, No. LA CV-09677 JAK (PLAx) (filed November 21, 2011) ("*Park*").  All of these cases have been related pursuant to Local Rule 83-1.3 and transferred to this Court, and there are pending motions to consolidate as described in greater detail below.

2

disagree as to the preferable method of controlling the multiple suits, whether it be consolidation under Rule 42 (Defendants' position) or some other Rule 42 device (Plaintiff's position), both parties agree that some method of Rule 42 judicial intervention is needed such that Defendants are responding to only one complaint, and only to one action.

Both parties respectfully request that this Court adopt a structure that ensures coordinated and efficient prosecution of these class actions.  Both parties agree that this issue should be decided first, as it will streamline pretrial proceedings and avoid unnecessary delay in the future.  Both parties agree that such an order is necessary also to prevent unfair burden to Defendants in having to answer multiple actions, and to prevent a duplicative class action from having preclusive effect on the putative class or a duplicative individual action from impairing the class's interests.

The parties also agree that if the Court grants the motions to consolidate, it also should order the filing of a consolidated amended complaint.  Section 21.25 of the Manual also recognizes the efficiencies of this approach.  *See also* MANUAL FOR COMPLEX LITIGATION § 21.25, at 276 (noting power of court to "order[] or allow[] the filing of a consolidated complaint" so that there is a "single pleading, in a single action, [that] can then serve as the vehicle for defining the proposed class and deciding class certification").

Both parties agree that, irrespective of this Court's decision regarding the consolidation of the five related cases pending before it, this Court should adopt a procedure under Rule 42 that will create a uniform, fair, and efficient structure to handle related actions that are later filed but are not the subject of the Motion to Consolidate.

*Plaintiff's Additional Position*

If the Court elects to order consolidation, Plaintiff urges this Court to allow her to amend her complaint and refile it as the Amended Consolidated Complaint.

If the Court elects to not order consolidation and to use some other Rule 42

device as to the other cases (such as a stay or to require intervention under Rule 23), Plaintiff urges this Court to permit Plaintiff's complaint to remain as the operative complaint, which Plaintiff intends to amend as indicated in the proposed schedule attached as Exhibit A.

2. <u>Class Certification</u>.  The parties have proposed a schedule for the briefing and hearing on Plaintiff's anticipated motion for class certification.  The proposed schedule is attached as Exhibit B.

Plaintiff anticipates that she will seek class certification on multiple grounds under Fed. R. Civ. Proc. 23(b).  Compared to seeking certification under Rule 23(b)(3), Plaintiff believes that certification under other Rule 23(b) will not require as much pre-certification discovery, and she believes that judicial economy would be served by her moving for certification under Rule 23(b)(2) before moving for certification under Rule 23(b)(3).  Plaintiff asks that, in the event her motion under alternative Rule 23(b) grounds (such as Rule 23(b)(2)) is denied, that such order be without prejudice to her later motion under Rule 23(b)(3).  Plaintiff believes this will allow the Court to consider her motion for certification earlier, rather than awaiting the full completion of discovery related to certification.

The parties agree that the class certification briefing deadlines stated in the proposed schedule apply for any and all motions to certify the class, but does not preclude Plaintiff from seeking class certification also on an earlier date.

Defendants believe that Plaintiff should file a single motion to certify the class under Rule 23(b), even if that motion asserts alternative grounds for certification.  This is of course subject to any future order by the Court on the motion.

3. <u>Motion for Appointment of Interim Class Counsel</u>.  Plaintiff has moved for the appointment of interim co-lead counsel (ECF No. 23), and Defendants have filed a response to this Motion (ECF No. 28).  This motion will be heard on February 6, 2012, the same date as the Scheduling Conference.

## D. PARTIES AND NON-PARTY WITNESSES

*Parties*

The parties in these actions are:  Plaintiff Sara Sandys and Defendants PepsiCo, Inc. and Naked Juice Co. of Glendora Inc. (named as "Naked Juice Company").  For conflicts purposes, Defendants identify the following entities, consistent with their Rule 7.1 disclosure filed October 21, 2011 (ECF No. 8):

- Defendant Naked Juice Co. of Glendora, Inc., a wholly owned subsidiary of Naked Juice Co., which is a wholly owned subsidiary of Defendant PepsiCo, Inc.
- Defendant PepsiCo, Inc., a publicly traded company.
- No parent corporation, publicly held corporation, or other person or entity owns 10% or more of the stock of PepsiCo, Inc., or has a pecuniary interest in the outcome of the case.

*Witnesses*

Concurrently with the filing of this Joint Report, the parties are exchanging their Rule 26 Initial Disclosures that identify individuals that they presently have reason to believe are likely to have discoverable information that may be used to support their claims and/or defenses.  The parties anticipate that further individuals may be identified as discovery proceeds, and they reserve the right to designate expert witnesses pursuant to Rule 26(a)(2) and to call these witnesses at any trial of this action.

Plaintiff also intends to call as witnesses the percipient witnesses as indicated in her list of expected deponents, in the below section on the Discovery Plan.

## E. DAMAGES

Plaintiff.  Plaintiff's primary purpose in bringing this action is to obtain an injunction to stop Defendants from making the false and misleading claims on its product packages. Beyond that, Plaintiff also seeks the equitable remedy of restitution. If Plaintiff prevails on her claims, provable damages will include economic damages

suffered by the putative class, punitive damages, Plaintiff's attorneys' fees and costs.

Based on information and belief, the realistic range of provable damages will depend upon Defendants' net profit from the sale of the beverages sued upon.  The parties will attempt to make those stipulations that will assist in the efficient adjudication of the claims, including the average wholesale price of the beverages, the average percentage markup of wholesale price for retailers, the suggested retail price, the lowest-permitted retail price, the average percentage of bottles that were returned or not sold due to spoilage, and other such matters.

Defendants:  Defendants deny that Plaintiff or any proposed class member has sustained any damages.  Defendants have not asserted any claims for damages.

## F. INSURANCE

Defendants are unaware at this time of the existence of any relevant agreement under which an insurance company may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment.

## G. MOTIONS SEEKING TO ADD PARTIES OR CLAIMS, FILE AMENDED PLEADINGS, OR TRANSFER VENUE

The parties have agreed to a proposed schedule regarding Plaintiff's anticipated amendments to her pleadings, and will continue to meet and confer regarding Defendants' likely motions in response.

The parties do not anticipate motions to transfer venue at this time.

At this time, Plaintiff has immediate plans to amend her complaint:  Plaintiff anticipates filing an amended complaint by the date set in the proposed schedule, adding a California resident as a class representative and seeking remedy under the Consumers Legal Remedies Act as stated by her notice letter to Defendants, received on October 7, 2011.  At this time, Plaintiff does not anticipate adding more claims. Plaintiff plans to amend her complaint on the deadline stated in the proposed schedule.

At this time, Plaintiff plans to amend her complaint following discovery for the

below reasons:

(1) Because some Naked Juice beverage lines have been discontinued, and the labels of some of the beverage lines have changed through the years, Plaintiff anticipates adding additional beverages following discovery that identifies these beverages and labels.

(2) Plaintiff anticipates changing parties following discovery of corporate ownership and operations that satisfy her that she has named all PepsiCo and Naked Juice responsible parties, including any PepsiCo Inc. subsidiaries responsible for ingredient innovation and sourcing, and any Naked Juice Co. subsidiaries other than Naked Juice Co. of Glendora, Inc.

(3) Plaintiff anticipates adding certain ingredient suppliers or producers and/or third-party marketing entities as defendants.  Plaintiff currently has evidence that certain ingredient suppliers – including suppliers of Naked Juice ingredients – made false or misleading statements as to the nature of the ingredients to entities like Defendants.  Without at least beginning discovery, Plaintiff is unable to determine who Defendants' ingredient suppliers are, what they represented to Defendants, and what Defendants knew about these ingredients despite the third-parties' representations. Moreover, Plaintiff has reason to believe that the identity and nature of the concealed "natural flavors" will demonstrate that the third parties supplying Defendants with these ingredients might bear at least some of the liability for the claims alleged in her complaint.

If no additional parties are to be added, Plaintiff will drop her Conspiracy claim (Count 12).

## H. MANUAL FOR COMPLEX LITIGATION

The parties agree that these cases are complex because Plaintiff asserts several claims on behalf of a putative nationwide class of consumers.  The parties agree to the procedures of the Manual for Complex Litigation as set forth in this Joint Report.

# I.  STATUS OF DISCOVERY

The parties have met and conferred pursuant to Rule 26(f), and exchanged initial disclosures.

Plaintiff has served discovery requests, including interrogatories and requests for production of documents.  Defendants have agreed to produce copies of the labeling for the Naked Juice beverage products at issue in these cases.

Defendants believe that this Court should decide the consolidation issue and adopt a structure that ensures coordinated and efficient prosecution of these multiple class actions.  Plaintiff believes that Defendants' request is reasonable at this time, as her complaint claims matters that are not included in the related actions, such as issues related to genetically modified ingredients and "natural flavors."  Plaintiff anticipates serving additional discovery requests pending this Court's decision on consolidation.

# J.  DISCOVERY PLAN

The parties respectfully request that this Court adopt a structure that ensures coordinated and efficient prosecution of these overlapping class actions through consolidated discovery and motions practice.  After that issue is decided, the parties intend to serve written discovery requests (document requests, interrogatories, and requests for admission) seeking, *inter alia*, the information described below.

To avoid unnecessary discovery disputes and in exchange for a reasonable schedule that would allow them to complete the discovery necessary for Plaintiff's anticipated motion for class certification, Defendants have agreed to drop their request to bifurcate class and merits discovery.  During this period, the parties will give scheduling priority to depositions and other discovery that are needed for class certification.

The parties agree to meet and confer to discuss whether they require an enlargement to the number of interrogatories and depositions permitted by the Federal Rules.

The parties anticipate that disclosure and discovery activity in this action are

likely to involve the production of certain confidential, proprietary, or private information, as well as material considered to be trade secrets by the parties or by third parties for which special protection from public disclosure would be warranted.  As instructed by the Court, Defendants will provide a draft to Plaintiff's counsel in advance of the Scheduling Conference on February 6, 2012.

While Plaintiff is not in a position to state now all of the areas in which she will seek discovery, Plaintiff intends to seek discovery of:  (1) Defendants' marketing practices, especially within the context of their knowledge and expectations of consumer behaviors and decision-making habits, as well as consumers' perceived environmental, social, and health effects of genetically modified ingredients and consumers' perceived environmental, social, and health effects of the synthetic or processed ingredients in Defendants' Naked Juice products; (2) Defendants' formulation, ingredient, and sourcing operating procedures and practices, especially as it relates to Defendants' knowledge of the nature and identity of the Naked Juice beverage ingredients, including PepsiCo's auditing standards of Naked Juice beverages, its sourcing requirements and approvals for Naked Juice beverages, and its role in ingredient innovations for Naked Juice beverages, such as through its Global Nutrition Group and PepsiCo America Beverage business division; and (3) Defendants' knowledge of the geographic location of class members, the location of the consumers' purchases of the Naked Juice beverages within the Class Definition; and the number of Naked Juice beverages within the Class Definition sold at these locations.

Plaintiff intends to seek discovery also on class members' damages, including the price differential between a conventional beverage and the all-natural non-GMO beverage Defendants promised; Defendants' gross revenues and net profits from their sale of the Naked Juice beverages within the Class Definition; the increased value of the Naked Juice brand and PepsiCo brand as a result of the Defendants' marketing practices; the additional benefit PepsiCo received as a result of the Naked Juice

marketing strategy, including the increase in PepsiCo share prices and the increase in consumers' purchases of other PepsiCo products.

Plaintiff intends to seek discovery also on the identity, source, and method of production of the ingredients in Defendants' Naked Juice beverages, including the beverage's so-called "natural flavors"; and whether and how these ingredients differ from the vitamin, mineral, or fiber that naturally exists in fruits and vegetables.

Plaintiff also plans to depose percipient witnesses, including: (1) those with knowledge of Defendants' marketing strategy and attempts to market Naked Juice beverages, such as Adam Carr, or Brad Armistead; (2) individuals present at the 2008 and 2009 PepsiCo Annual Shareholders' Meeting, who have knowledge of PepsiCo's decisions and the reason therefor for refusing to create policies and procedures to monitor genetically engineered products that may, by contamination or design, be added to PepsiCo's products advertised to be "non-GMO"; (3) those with knowledge of Defendants' knowledge of the identity, source, and nature of ingredients within Naked Juice beverages.

Defendants intend to seek discovery from the named Plaintiff relating to her purchase and consumption of the products at issue; their communications with Defendants, governmental agencies, and/or advocacy groups, other lawsuits initiated by Plaintiff (and testimony in those actions—declarations, trial/deposition transcripts, etc.), and other documents and facts supporting contentions in complaints and relating to their anticipated motion for class certification.  Defendants also intend to depose Plaintiff (and possibly other witnesses identified in Plaintiff's Rule 26 Initial Disclosures) pursuant to the proposed schedule below.

## K. DISCOVERY CUT-OFF

The Parties have submitted a proposed schedule below that addresses this deadline.

## L. EXPERT DISCOVERY

The Parties have submitted a proposed schedule below that addresses these

issues.

## M. DISPOSITIVE MOTIONS

Subject to the parties' further discussions and Plaintiff's anticipated amendments, Defendants intend to move to dismiss this action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  The parties have submitted a proposed schedule below that addresses the timing of these issues.

If Plaintiff's claims proceed beyond the pleadings, both parties reserve the right to file dispositive motions (including motions for summary judgment) before any trial in this action.

Plaintiff intends to move for an injunction prior to seeking class certification.

Defendants also reserve the right to file a motion for summary judgment against the named Plaintiff only, in connection with Plaintiff's anticipated motion or class certification and pursuant to the schedule described below.  If a class is certified, Defendants reserve their right to seek summary judgment on broader legal issues in the event that further discovery (and expert testimony on the merits) reveals that the certified class is not entitled to any relief as a matter of law and the undisputed material facts.

*Plaintiff's Additional Position Regarding Motion in Limine or Judicial Notice*:

Plaintiff contends that the following issues may be determined by a motion in limine or a motion for judicial notice:

1) The ingredients contained in each Naked Juice beverage;

2) The representations and omissions made on the label of each Naked Juice beverage;

3) whether the following ingredients are not "natural," "juice" or "fruit": niacinamide; calcium pantothenate; D-alpha tocopherol acetate; cyanocobalamin; pyridoxine hydrochloride; beta-carotene; choline bitartrate; ascorbic acid; zinc methionine; zine oxide; Fibersol-2; fructooligosachharides; inulin; "food coloring"; bifidobacterium; blue

11

green algae; chlorella; whey protein concentrate; and "natural flavors."

4) that the vitamin, mineral, or fiber that naturally exists in fruits or vegetables is not niacinamide; calcium pantothenate; D-alpha tocopherol acetate; cyanocobalamin; pyridoxine hydrochloride; beta-carotene; choline bitartrate; ascorbic acid; Fibersol-2; fructooligosachharides; or inulin.

## N. SETTLEMENT

The Parties select ADR Procedure No. 3, private dispute resolution.

## O. TRIAL ESTIMATE

The parties respectfully suggest the schedule submitted as Exhibit A. Because of the complex nature of the case and the pending motions to consolidate, the parties are not in a position to provide a reasoned estimate for the length of trial at this time.

Both parties request a jury trial on all issues triable by jury.

## P.  TRIAL COUNSEL

Plaintiff:  Plaintiff's interim lead counsel will be those attorneys this Court appoints pursuant to her pending Motion to Appoint Interim Lead Counsel, and her class counsel shall be those attorneys this Court appoints if the class is certified. Plaintiff's trial counsel will be determined by her interim lead counsel and appointed class counsel. Plaintiff further believes that her claims will not be adequately presented unless her chosen attorney is also among lead counsel and permitted to continue her representation.

Defendants:  Daniel W. Nelson, Andrew S. Tulumello, and Christopher Chorba of Gibson, Dunn & Crutcher LLP.

## Q. INDEPENDENT EXPERT OR MASTER

At this time, the parties do not anticipate that an independent expert or special master will be required, although they will confer as to whether these resources are necessary as discovery unfolds.

*Plaintiff's Additional Position:*

Plaintiff alleges that certain ingredients are genetically-modified, not "natural," not "juice," and/or not "fruit."  Plaintiff anticipates that these allegations may be handled by judicial notice, stipulation, or by proof by expert testimony.  Because the central inquiry is what a "reasonable" consumer would believe or expect, rather than what is believed in the scientific community, Plaintiff does not believe that an independent master or scientific expert will be necessary to determine the truth of her allegations.

Nonetheless, Plaintiff believes that certain issues may be efficiently resolved by a Master pursuant to Rule 53.  For example, in the likely event that a third party ingredient supplier objects to a subpoena to identify the identity, nature, or method of production of a Naked Juice ingredient based on trade secret or other privilege, Plaintiff recommends the Court appoint a Special Master pursuant to Manual for Complex Litigation (4th) Sample Order 40.28, who may review the third party's data and make a written report thereof that responds to the subpoena but maintains the confidentiality of the trade secret or other privilege.

Defendants have agreed to meet and confer with Plaintiff regarding these issues, although at this time they do not anticipate that an independent expert or special master will be required.

## R. TIMETABLE

Attached as Exhibit "A" is the parties' completed chart with trial and pretrial deadlines.  In addition to the matters included on the Court's chart (attached as Exhibit "A"), the parties have proposed the additional deadlines related to class certification and other pretrial proceedings in Exhibit "B."

The parties agree that the Court's decision on Plaintiff's motion for class certification is likely to impact both the timing and scope of any trial in this action.  Therefore, they respectfully request that the Court limit its initial Scheduling Order to

the deadlines through Plaintiff's anticipated motion for class certification. The decision on that motion is likely to impact both the timing and scope of any trial in this action. In particular, if the Court denies Plaintiff's motion for class certification, then any trial in this action may be unnecessary and/or is likely to be considerably shorter.

## S. OTHER ISSUES

*Precertification communication with unnamed class members*

The parties agree to confer regarding an appropriate procedure to govern any pre-certification communication with unnamed class members, so that neither party is violating ethical rules (such as the no-contact rule or the bar on solicitation). The parties agree to confer as to whether the procedures set forth in the Manual for Complex Litigation (4th ed.) § 21.12 should apply to precertification communication with unnamed class members, or whether another procedure should be employed.

## T. PATENT CASES

This section is not applicable to these actions.

## U. MAGISTRATE JUDGE

At this time, the parties respectfully decline to have a Magistrate Judge preside over all proceedings pursuant to 28 U.S.C. § 636.


DATED:  January 26, 2012          THE GOLAN FIRM

                                  By:  _____/s/ Yvette Golan_____
                                  Yvette Golan (*Pro Hac Vice*)
                                  Shirish Gupta (SBN 205584)
                                  Attorneys for Plaintiff Natalie Pappas

DATED:  January 26, 2012        GIBSON, DUNN & CRUTCHER LLP

By: _____ /s/ Christopher Chorba _____
Daniel W. Nelson (*Pro Hac Vice*)
Andrew S. Tulumello (SBN 196484)
Christopher Chorba (SBN 216692)
Dhananjay S. Manthripragada (SBN 254433)

Attorneys for Defendants Naked Juice of Glendora, Inc. and PepsiCo, Inc.

## SCHEDULE OF PRETRIAL AND TRIAL DATES

| Case No.: | 2:11-cv-08007-JAK-PLAx |
|---|---|
| Case Name: | *Sandys v. Naked Juice Co., PepsiCo Inc.* |

| Matter | | Plaintiff(s) Request | Defendant(s) Request | Court Order |
|---|---|---|---|---|
| [ x ] Jury Trial  [   ] Court Trial: **(Tuesday at 9:00 a.m.)**<br><br>Duration Estimate: | | 10/29/13 | Same | |
| Status Conference re Exhbits:  **(Friday at 3:00 p.m.)**<br><br>Friday before the trial date | | 10/25/13 | Same | |
| Final Pretrial Conference: **(Monday at 1:30 p.m.)**<br>           *Note: Monday, 10/14 is Columbus Day*<br>2 weeks before the trial | | 10/15/13 | Same | |
| Status Conference re Settlement: **(Monday at 10:30 a.m.)**<br><br>30 days before the cut-off date | | 7/22/13 | Same | |

| Matter | Weeks Before Trial | Plaintiff(s) Request | Defendant(s) Request | Court Order |
|---|---|---|---|---|
| Last Date to Amend Pleadings/Add Parties | 70 | 6/11/12 | Same | |
| Non-Expert Discovery Cut-Off | 16 | 7/9/13 | Same | |
| Expert Disclosure (initial) | 15 Class:<br>Merits: | Both parties agree:<br>Plaintiff's 8/20/12; Defendants' 9/17/12<br>Plaintiff's 5/17/13; Defendants' 6/17/13 | | |
| Expert Disclosure (rebuttal) | 11 Class:<br>Merits: | Plaintiff's 10/17/12<br>7/30/13 for both | None<br>Same | |
| Last Date to Conduct Settlement Conference | 10 | 8/20/13 | Same | |
| Expert Discovery Cut-Off | 8 | 9/3/13 | Same | |
| Last Date to Hear Motions<br>           *Note: Monday, 9/2 is Labor Day* | 8 | 9/3/13 | Same | |

| Settlement Procedure Selection (ADR-01):<br>1. Magistrate Judge<br>2. Attorney Settlement Officer Panel<br>3. Outside ADR/Non-Judicial | 3 | 3 | |
|---|---|---|---|

## Exhibit "B"

Attached above as Exhibit "A" is the parties' completed chart with trial and pretrial deadlines. In addition, the parties have proposed the following additional deadlines related to class certification and other pretrial proceedings. The parties have included a proposed schedule through trial, although they are fully aware that a decision on any early motions (such as a motion for class certification) will likely impact both the timing and scope of any further steps in this action.

## Pre-Certification and Certification Schedule

| Event | Proposed Date |
|---|---|
| Amended Complaint or Consolidated Amended Complaint (if the Court so orders) | **TBD**. Subject to the Court's ruling on the Motions to Consolidate, Plaintiff intends to amend her complaint on **February 17, 2012**. |
| Rule 26 Initial Disclosures | **January 26, 2012** |
| Last Date to Amend Pleadings / Add Parties | **June 11, 2012**<br>Plaintiff reserves the right to amend with the Court's leave. |
| Motion to Dismiss Briefing / Hearing Schedule (if Plaintiff files an amended complaint on February 17, 2012) | Defendants' Motion: **March 19, 2012**<br>Plaintiff's Opposition: **April 2, 2012**<br>Defendants' Reply: **April 23, 2012**<br>Hearing: **May 7, 2012** |
| Identification of Class Certification Experts and Areas of Expected Testimony | Plaintiffs: **August 20, 2012**<br>Defendants: **September 17, 2012**<br>*Because the Defendants' identification of class certification experts and areas of expected testimony occur well after Plaintiff's identification, Plaintiff reserves her right to amend her identification to contradict or rebut evidence on the same subject matter identified by Defendants within 30 days of Defendants' disclosure. See Fed. R. Civ. P. 26(a)(2)(D)(ii).* **October 17, 2012.** |

1

| Event | Proposed Date |
|---|---|
| Class Certification Expert Reports and Briefing Schedule | <u>Plaintiff's proposed schedule:</u><br><br>• All parties' class certification expert reports due **November 28, 2012**<br><br>• Plaintiff's *last*[2] certification motion: **December 28, 2012**<br><br>• Defendants' Opposition: **January 28, 2013**<br><br>• Plaintiff's Reply Brief: **February 11, 2013**<br><br>• Hearing: **February 25, 2013**<br><br><u>Defendants' proposed schedule:</u><br><br>• Motion/all supporting evidence and any expert reports supporting motion: **October 9, 2012**<br><br>• Defendants' Opposition/all supporting evidence and any expert reports opposing motion: **December 21, 2012**<br><br>• Plaintiffs' Reply Brief: **February 4, 2013**<br><br>• Hearing: **February 25, 2013** |
| Summary Judgment | Parties may file on same schedule outlined above for Class Certification |

---

[2] Plaintiff anticipates she will desire to file her motion for class certification on multiple Rule 23(b) grounds, such as 23(b)(2) and 23(b)(3).  The above deadline is a deadline for her ***last*** motion for certification only.  If Plaintiff elects to file a motion for certification at least 60 days before this date, the Federal Rules of Civil Procedure and Local Rule's timelines for opposition, reply, and hearing will be used.

As noted above, Defendants believe that Plaintiff should file a single motion to certify the class under Rule 23(b), even if that motion asserts alternative grounds for certification.  This is of course subject to any future order by the Court on the motion.

## Post-Certification Schedule

**NOTE OF POSSIBLE ACCELERATION:**  In the event Plaintiff seeks and succeeds in obtaining class certification prior to February 25, 2013, and does not seek additional rulings on class certification, the below proposed dates may be accelerated to begin **sixty days** following the class certification ruling.  For example, if Plaintiff obtains class certification on November 1, 2012, and does not seek additional certification rulings, her Merits Expert Disclosures would be due on December 30, 2012.

As noted above, Defendants believe that Plaintiff should file a single motion to certify the class under Rule 23(b), even if that motion asserts alternative grounds for certification.  This is of course subject to any future order by the Court on the motion.

| Event | Proposed Date |
|---|---|
| Merits/Non-Class Expert Disclosure (initial) | Plaintiffs disclosures due **May 17, 2013**; Defendants' disclosures due **June 17, 2013** |
| Merits/Non-Class Expert Reports (initial) [15 weeks before trial] | **July 16, 2013** |
| Merits/Non-Class Expert Reports (rebuttal) [11 weeks before trial] | Rebuttal disclosures: due **July 30, 2013** Reports: due **August 13, 2013** |
| Non-Expert Discovery Cut-Off [16 weeks before trial] | **July 9, 2013** for all parties |
| Expert Discovery Cut Off [8 weeks before trial] | **September 3, 2013** for all parties |
| Last Date to Conduct Settlement Conference [10 weeks before trial] | **August 20, 2013** |
| Status Conference re Settlement: [Monday at 10:30 a.m.] | **July 22, 2013, 10:30 a.m.** |
| Last Day to Hear Motions [8 weeks before trial] | **September 3, 2013** *Monday, September 2, is Labor Day* |
| Status Conference re Exhibits: [3:00 p.m. on Friday before trial] | **October 25, 2013, 3:00 p.m.** |

| Event | Proposed Date |
|---|---|
| Final Pretrial Conference: [1:30 p.m. Monday, 2 weeks before trial] | **October 15, 2013, 1:30 p.m.**<br>*Monday, October 14, is Columbus Day.* |
| Trial | **Tuesday, October 29, 2013, 9:00 a.m.** |