| | | |
|---|---|---|
| 1 | FRANCIS & MAILMAN P.C. | CENTER FOR SCIENCE IN THE PUBLIC |
| 2 | JAMES A. FRANCIS | INTEREST |
| | DAVID A. SEARLES | STEPHEN GARDNER |
| 3 | (*pro hac vice* forthcoming) | 5646 Milton Street Suite 211 |
| 4 | 100 S. Broad Street, 19th Floor | Dallas, TX 75206 |
| | Philadelphia, PA 19110 | Tel: (214) 827-2774; |
| 5 | Tel: (215) 735-8600; Fax: (215) 940-8000 | Fax: (214) 827-2787 |
| 6 | jfrancis@consumerlawfirm.com | sgardner@cspinet.org |
| | dsearles@consumerlawfirm.com | |
| 7 | | FLASHPOINT LAW, INC. |
| 8 | THE GOLAN LAW FIRM | SHIRISH GUPTA (SBN 205584) |
| | YVETTE GOLAN (*by pro hac vice*) | 1900 S. Norfolk Street, Suite 350 |
| 9 | 1919 Decatur St. | San Mateo, CA 94403 |
| 10 | Houston, TX 77007 | Telephone:    (650) 539-4019 |
| | Tel: (866) 298-4150 ext. 101, | sgupta@flashpointlaw.com |
| 11 | Fax: (928) 441-8250 | |
| 12 | ygolan@tgfirm.com | |

1.  I submit this declaration in support of the Sandys Group's motion to be appointed interim lead counsel. I have personal knowledge of the facts set forth in this declaration, and could testify competently to them if called upon to do so.

13  *Proposed Interim Lead Class Counsel and Attorneys for Plaintiff Sara Sandys*

**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SARA SANDYS and all others similarly situated, | Case No. LA CV11-08007-JAK (PLAx) |
| Plaintiff, | **DECLARATION OF STEPHEN GARDNER** |
| v. | Hearing |
| NAKED JUICE COMPANY, a California corporation; PEPSICO INC., a New York corporation; and DOES 1-100, | Date: February 6, 2012 Time: 8:30 a.m. Place: Courtroom 750, 7th Floor |
| Defendants. | Action Filed: September 27, 2011 |

1.    I submit this declaration in support of the Sandys Group's motion to be appointed interim lead counsel. I have personal knowledge of the facts set forth in this declaration, and could testify competently to them if called upon to do so.

2.      I was asked to become co-counsel in this case due to my experience and success in litigating consumer class actions, food and nutrition cases in particular.

3.      I bring a breadth and depth of experience to food and nutrition lawsuits such as this one. When I started the Center for Science in the Public Interest (CSPI) Litigation Project, there were almost no food and nutrition class actions. As the Litigation Project built upon success after success, private lawyers began to bring food and nutrition cases in significant number. Although some of the private cases were copycat lawsuits to CSPI's own efforts, the overall result has been an increase in honest marketing of foods, so that consumers can make better nutrition choices when they purchase products. I am recognized as one of the most-experienced and respected consumer lawyers in the country, as evidenced by the nature and scope of my writing and the variety of class actions in which I have been directly involved, as discussed in detail below.

*BACKGROUND AND QUALIFICATIONS*

4.      I am Director of Litigation for the Center for Science in the Public Interest, the leading national, non-profit advocacy organization for nutrition and health, food safety, and sound science. CSPI's twin missions are to conduct innovative research and advocacy programs in health and nutrition, and to provide consumers with current, useful information about their health and well-being.

DECLARATION OF STEPHEN GARDNER

5.      I am a member in good standing of the bars of New York, Texas, and the District of Columbia, as well as numerous federal courts (including the Ninth Circuit Court of Appeals).

6.      I have been a consumer lawyer for over 35 years. During that time, I have served as an Assistant Dean of Southern Methodist University Law School, an Assistant Attorney General in Texas and New York, the Students' Attorney at the University of Texas at Austin, and a legal services attorney. From 1992 to 2004, I maintained a private practice of law in Dallas, Texas, specializing in consumer class and mass actions.

7.      I have appeared in many courts, including the United States Supreme Court, the Supreme Court of Texas, and numerous United States Courts of Appeal and District Courts. I have also written and lectured extensively across the country on a wide variety of consumer protection issues, including class action issues. My Curriculum Vitae, attached to this declaration as Exhibit 1, gives details of all positions held, professional honors and activities, and bar memberships.

8.      As reflected in my Curriculum Vitae, in my professional career I have represented consumers with respect to a wide variety of consumer protection matters and am very experienced with respect to consumer law. During the course of my work, I have gained considerable experience in obtaining relief for large classes of individuals using both public and private enforcement methods.

DECLARATION OF STEPHEN GARDNER

9.     With respect to public enforcement, as an assistant attorney general for the States of New York and Texas, I handled many cases on behalf of the people of my states, all of which sought mass relief of one kind or another for classes of consumers who were harmed by the unfair and deceptive methods used by a variety of businesses, including TRW, AAMCO, Mobil Oil, Kellogg Company, and TCI Cable. (Because the authority of the Attorneys General of both states permitted me to seek relief for broad classes of consumers without adjudicated compliance with the requisites of Federal Rule 23 and its state equivalents, I refer in this declaration to these cases as "mass actions" and refer as "class actions" to the cases I handled under the rules applicable to class actions.) I appeared in many state and federal courts, in California, Texas, and a number of other states. The following lists some of my major reported mass action cases:

(1)   *Abrams v. Cohen*, 473 N.Y.S. 2d 98 (New York County 1983). This case of first impression established that it is illegal under New York law to sue on a consumer debt except in the county where the consumer resided or in which the debt was incurred.

(2)   *Alaska v. Department of Transportation*, 868 F.2d 441 (D.C. Cir. 1989). Twenty seven attorneys general sued the Department of Transportation for illegal promulgation of a rule allowing deceptive advertising by airlines. I served as lead counsel.

(3)   *Kellogg v. Morales*, 763 F.Supp. 1369 (N.D. Tex. 1991), *aff'd* 940 F.2d 1530 (5th Cir. 1991). In this case, the courts affirmed the right of the State of Texas to regulate disease-preventative claims for foods.

(4)     *Morales v. Trans World Airlines, Inc.,* 112 S.Ct. 2031 (1992). I briefed and
argued this case before the United States Supreme Court.  The issue was
preemption of Attorney General enforcement of state consumer protection
laws.

(5)     *State of Texas v. Mother and Unborn Baby Care of North Texas, Inc. d/b/a
Problem Pregnancy Center,* 749 S.W.2d 533 (Tex.  App.—Fort Worth 1988),
*writ denied* (Tex.  Sup. 1988), *cert. denied mem.,* 109 S.Ct. 2431 (1989). A Fort
Worth jury found that this corporation had deceptively operated a right-
to-life center by advertising it as an abortion clinic, with the intent to trap
unwary pregnant women.  Affirmed on appeal.

10.     The focus of my practice after leaving the Texas Attorney General's office
in 1992 has been class action litigation on behalf of consumer plaintiffs. My work for
CSPI is comprised of almost completely class actions. I have also served as counsel to
objectors to inadequate class action settlements.

11.     The following is a partial list of past and pending class action cases,
indicating my role. Where the case was certified as a class by the court, I have so
indicated (except as to cases where I only represented an objector — all those cases had
been certified but without my involvement).

(1)     *Advanta National Bank Credit Card Terms Litigation,* MDL Docket No. 1233,
settled sub nom. Kierstad v. Advanta Corp., Superior Court of the State of
Delaware, New Castle County, Civil Action No. 97C-08-206 VAB
(Consolidated) (counsel for class and for objectors) CERTIFIED

(2)     *Wilson v. Airborne, Inc.,* United States District Court for the Central District
of California, No. EDCV 07-770-VAP (OPx) (counsel for class) CERTIFIED

(3)     *Alvear v. Wells Fargo Home Mortgage, Inc.,* United States District Court for
the Southern District of Texas, Civil Action No. B-02-049 (counsel for
class)

DECLARATION OF STEPHEN GARDNER

(4)   *Ayala v. Access Recovery Services, Inc.*, United States District Court for the Southern District of Texas, Civil Action No. B-03-089 (counsel for class)

(5)   *Branscum v. General Electric Mortgage Insurance Corp.*, United States District Court for the Northern District of Texas, Civil Action No. 3:94-CV-1600-H (counsel for class)

(6)   *Chausee v. Dallas Cowboys Football Club*, District Court of Dallas County, Texas, No. 93-7260-F (counsel for class)

(7)   *Cliff v. Payco General American Credits, Inc.*, United States District Court for the Middle District of Florida, Civil Action No. 98-520-CIV-FTM-25D (counsel for class)

(8)   *Cox v. Barrett, Burke, Wilson, Castle, & Frappier*, United States District Court for the Northern District of Texas, Civil Action Number 3:93-cv-00127 (counsel for class)

(9)   *Dessen v. NationsBanc Mortgage Corp.*, District Court of Dallas County, Texas, No. 96-10591-A (counsel for objector)

(10)  *Dixon v. Cornerstone Housing Corp.*, United States District Court for the Northern District of Texas, Civil Action No. 3-98:CV:2129-R (counsel for class) CERTIFIED

(11)  *Fink v. Daniels & Norelli, P.C.*, United States District Court for the Northern District of Texas, Civil Action No. B-02-051 (counsel for class)

(12)  *Foster v. Check Alert Systems, Inc.*, United States District Court for the Southern District of Texas Civil Action B-02-196 (counsel for class)

(13)  *Frank v. Southern California Edison Co.*, United States District Court for the Central District of California, No. ED CV 00-413 VAP (AIJX) (counsel for class) CERTIFIED

(14)  *Galindo v. Billing Information Concepts, Inc.*, District Court of Bexar County, Texas, No. 97-CI-01864 (counsel for class)

(15)  *Garcia v. Schreiber & Associates*, United States District Court for the Southern District of Texas, Civil Action No. B-99-92 (counsel for class)

6

(16)   *Gardner v. Wells Fargo Bank*, United States District Court for the Northern District of Texas (counsel for class and class representative) CERTIFIED

(17)   *General Motors Corp. v. Bloyed*, 916 S.W.2d 949 (Tex. 1996) (counsel for objectors)

(18)   *Gracia v. Wal-Mart Stores, Inc.*, United States District Court for the Southern District of Texas, Civil Action No. B-01-171 (counsel for class)

(19)   *Halliburton v. NationsBank Mortgage Corp.*, District Court of Llano County, Texas, Cause No. 11,725 (counsel for class)

(20)   *In re Ocwen Federal Bank FSB Mortgage Servicing Litigation*, United States District Court for the Northern District of Illinois, MDL No. 1604 (counsel for class)

(21)   *In Re: Glaceau Vitaminwater Marketing and Sales Practices Litigation (No. II)*, United States District Court for the Eastern District of New York, No. 1:11-md-00215-DLI-RML (counsel for class)

(22)   *In Re: Aurora Dairy Corp. Organic Milk Marketing and Sales Practices Litigation*, United States District Court for the Eastern District of Missouri, No. 4:08-md-01907-ERW (counsel for class)

(23)   *Johnston v. Universal Guaranty Life Insurance Co.*, United States District Court for the Central District of Illinois, Case Number 3:99-CV-03015 (counsel for class)

(24)   *Lewis v. Fleet Mortgage Group*, United States District Court for the Northern District of Texas, Civil Action Number 96-CV-630 (counsel for class)

(25)   *Luther v. Moreno Valley Honda*, Riverside County Superior Court, Case No. 363124 (counsel for class) CERTIFIED

(26)   *Pena v. National Credit Adjusters*, District Court of Llano County, Texas, Civil Action No. B-03-022 (counsel for class)

(27)   *Purdie v. ACE Cash Express, Inc.*, United States District Court for the Northern District of Texas, Civil Action No. 3-01 CV 1754-L (counsel for class) CERTIFIED

DECLARATION OF STEPHEN GARDNER

(28)   *Ramirez v. Green Tree Financial Services Corp*, United States District Court for the Northern District of Texas, Civil Action No. 3-97:CV:2699-H (counsel for class)

(29)   *Reed v. Citibank (South Dakota), N.A.*, United States District Court for the Northern District of Texas, Civil Action No. 3-98-CV-2453-T (counsel for class)

(30)   *Remeley v. Etan General, Inc.*, United States District Court for the Northern District of Texas, Civil Action No. 3-01:CV:2658-K (counsel for class) CERTIFIED

(31)   *Ryder Scott Oil Co. v. General Motors Corp*, District Court of Wichita County, Texas, No.149,653-A (counsel for class) CERTIFIED

(32)   *Sanchez v. WCI Financial Services, Inc.*, United States District Court for the Southern District of Texas, Civil Action Number B-99-011 (counsel for class)

(33)   *Scalf v. City of Arlington*, District Court of Tarrant County, Texas, No. 352-187633-01011 (counsel for class)

(34)   *Shipman v. MET-Rx USA, Inc.*, District Court of Johnson County, Texas, Cause Number 249-310-98 (counsel for class) CERTIFIED

(35)   *Sibley v. Diversified Collection Services, Inc.*, United States District Court for the Northern District of Texas, Civil Action No. 3-96:CV:0816-L (counsel for class)

(36)   *Singleton v. Ferolito, Vultaggio & Sons*, Los Angeles County Superior Court, Case No., BC 288 754 (counsel for class)

(37)   *Stanley v. Wal-Mart Stores, Inc.*, 839 F.Supp. 430 (N.D. Tex. 1993) (counsel for class)

(38)   *Vogeley v. NationsBanc Corp.*, United States District Court for the Northern District of Illinois, Civil Action Number No. 94 C 5814 (counsel for objector)

(39)   *Vogeley v. NationsBanc Corp.*, United States District Court for the Northern District of Illinois, Civil Action Number No. 94 C 5814 (counsel for objector)

DECLARATION OF STEPHEN GARDNER

(40)   *York v. JC Penney & Commonwealth General Corp.*, District Court of Nueces County, Texas No. 13-02-00622-CV (counsel for class) CERTIFIED

12.   I am recognized as a national expert on consumer class action issues, with particular attention to settlements. I have spoken and written numerous times on class action issues, including the following articles and book chapters on class actions.

(1)   H. Newberg & A. Conte, NEWBERG ON CLASS ACTIONS (4th ed. 2002) (contributing editor)

(2)   CONSUMER CLASS ACTIONS (National Consumer Law Center, 5th ed.) (contributing author)

(3)   SURVEY OF STATE CLASS ACTION LAW (American Bar Association 2006) (contributor)

(4)   NAT'L ASS'N OF CONSUMER ADVOCATES, STANDARDS AND GUIDELINES FOR LITIGATING AND SETTLING CONSUMER CLASS ACTIONS (Rev. Ed. 2006; original version published at 176 F.R.D. 375 (1998) (principal author)[1]

(5)   *Representing Consumers: Ethical and Practical Considerations in the Attorney-Client Relationship*, CONSUMER & PERSONAL RIGHTS LITIGATION VOL. VIII, NOS. 1-2 (American Bar Association 2004), *reprinted in* BEST OF COMMITTEE PERIODICALS (American Bar Association 2004)

(6)   *Settlement Class Actions—Part Two: The Texas Supreme Court's General Motors Decision*, CLASS ACTIONS & DERIVATIVE SUITS, Vol. 6, No. 2 (American Bar Association, Spring 1996)

(7)   THE PRACTICE OF CONSUMER LAW (National Consumer Law Center) (co-author)

(8)   UNFAIR AND DECEPTIVE ACTS AND PRACTICES (National Consumer Law Center, 5th ed.) (contributing author)

---

[1]   The original version of these Guidelines may be found at 176 F.R.D. 375. The revised standards have not yet been published in F.R.D., but are available at http://naca.net/_assets/media/RevisedGuidelines.pdf. I will refer to these as the "NACA Guidelines." I was one of three principal drafters of the original Guidelines and was the sole principal drafter of the revised Guidelines.

9

DECLARATION OF STEPHEN GARDNER

(9)   *Multistate and Nationwide Class Actions for State Law Claims, from the Plaintiff's Perspective* (American Bar Association 2004) (co-author)

(10)   *Class Action Litigation Developments—Shifting Sands or Firm Foundation?* ADVANCED COMMERCIAL AND CONSUMER LAW (State Bar of Texas 1999)

(11)   *A Primer on Class Actions in Texas*, STATE BAR COLLEGE "SUMMER SCHOOL" (State Bar of Texas 2001)

(12)   *Question: Is a Settlement Class Subject to All Rule 23 Requirements? Answer: "Yes and No," Says the Supreme Court*, CONSUMER ADVOCATE, Vol. 3, NO. 3 (May/June 1997)

My Curriculum Vitae lists my other publications not related to class actions.

13.   I have served as an expert witness in numerous class action cases, including:

(1)   *Ameris v. Consumer Credit Counseling Service of Greater Dallas, Inc.*, District Court of Dallas County, Texas, No. 97-00558-D (consumer perceptions and class action certification)

(2)    *Bayhylle v. Jiffy Lube International, Inc.*, District Court of Cherokee County, Oklahoma, Case No. CJ-2002-352 (consumer perceptions and class action certification); expert testimony cited with approval by appellate court, 146 P.3d 856, 860 (Okla. Civ. App. 2006)

(3)   *Boehr v. Bank of America*, United States District Court for the District of Arizona, No. Civ-99 22 65 PHX RCB (class action certification)

(4)   *Campbell v. Airtouch Cellular*, Superior Court of San Francisco County, California, Case No. GIC 751725 (class action certification)

(5)   *Chavez v. Netflix, Inc.*, Superior Court of San Francisco, California, No. CGC-04-434884 (consumer behavior and class action certification)

(6)   *Community Bank of Northern Virginia and Guaranty National Bank of Tallahassee Second Mortgage Litigation*, United States District Court for the Western District of Pennsylvania, No. 03-0425 (class action certification)

DECLARATION OF STEPHEN GARDNER

(7)     *Courville v. UDR Western Residential, Inc.*, County Court at Law of Dallas
County, Texas, No. CC-00-01619-A (utility regulation and class action
certification)

(8)     *Dotson v. Bell Atlantic-Maryland, Inc.*, Circuit Court for Prince George's
County, Maryland, No. CAL 99-21004 (class action settlement)

(9)     *Figueroa v. Sharper Image Corp.*, United States District Court for the
Southern District of Florida, Case No. 05-21251-CIV (class action
settlement); expert testimony cited with approval in reported opinion: 517
F.Supp.2d 1292, 1309 -1310 (S.D.Fla. 2007)

(10)    *Hughes v. American Health & Life Ins. Co.*, Circuit Court of the State of
Alabama, No. CV 96-615 (class action settlement)

(11)    *In re Mexico Money Transfer Litigation*, United States District Court for the
Northern District of Illinois, No.98-C-2407 (class action certification)

(12)    *Levin v. UDR Residential, Inc.*, District Court of Tarrant County, Texas, No.
348-174435-98 (utility regulation and class action certification)

(13)    *Liles v. American Corrective Counseling Services, Inc.*, United States District
Court for the Southern District of Iowa, No. 4-00-CV-10487 (class action
certification)

(14)    *Milkman v. American Travellers Life Insurance Company et al.*, Case No.
03775, Philadelphia Court of Common Pleas (2002) (class action
settlement)

(15)    *Sincal v. CMH Parks, Inc.*, District Court of Denton County, Texas, No. 98-
30469-211 (utility regulation and class action certification)

(16)    *Thompson v. TCI Cablevision of Washington, Inc.*, Superior Court of
Washington, No. 94-2-00243-2 (class action certification)

(17)    *Wilson v. Massachusetts Mutual Life Insurance Co.*, First Judicial District
Court, State of New Mexico, No. D-101-CV 98-02814 (class action
certification and settlement)

11

1

## DECLARATION

2

3        I declare under penalty of perjury that the foregoing is true and correct and that I

4    am competent to testify thereto.

5        Dated February 1, 2012.

6

7

8

9        _____

10       STEPHEN GARDNER
         Declarant

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                        12

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT 1**

**CURRICULUM VITAE OF STEPHEN GARDNER**

**EXHIBIT 1**
**CURRICULAM VITAE OF STEPHEN GARDNER**

**Curriculum Vitae**
**STEPHEN GARDNER**
5646 Milton Street, Suite 211
Dallas, Texas 75206
214-827-2774 (voice)
214-827-2787 (fax)
sgardner@cspinet.org (email)

## EDUCATION

**Undergraduate**    University of Texas at Austin, B.A. Special Honors August 1972

**Law**    University of Texas School of Law, J. D. December 1975

## BAR MEMBERSHIPS

| **State Bars** | **United States Supreme Court 1980** |
|---|---|
| Texas 1976 | |
| New York 1983 | |
| District of Columbia Bar 2006 | |

| **United States Courts of Appeals** | **United States District Courts** |
|---|---|
| Second Circuit 1984 | Arkansas, Eastern District, 1986 |
| Third Circuit 2006 | Arkansas, Western District, 1986 |
| Fifth Circuit 1978 | Illinois, Central District, 1999 |
| Seventh Circuit 1999 | Illinois, Northern District, 1999 |
| Eighth Circuit 1990 | New York, Eastern District, 1983 |
| Ninth Circuit 1993 | New York, Southern District, 1983 |
| Eleventh Circuit 2002 | Texas, Western District, 1977 |
| District of Columbia Circuit 1988 | Texas, Northern District, 1984 |
| | Texas, Southern District, 1993 |
| | Texas, Eastern District, 2002 |

## POSITIONS HELD

**EXHIBIT 1**
**CURRICULAM VITAE OF STEPHEN GARDNER**

**Center for Science in the Public Interest**          August 2004-present
Dallas, Texas

Director of Litigation for CSPI, the foremost health advocacy group in the country. One of its main goals is to represent the public interest before regulatory, judicial and legislative bodies on food, alcohol, health, the environment, and other issues.

**National Consumer Law Center**          August 2002-July 2006
Boston, Massachusetts

Of counsel to the Center, providing advice to other lawyers who request assistance from the Center, including both legal consulting and expert witness testimony.

**Law Office of Stephen Gardner, PC**          January 1992-August 2004
Dallas, Texas

Private practice focusing on consumer rights litigation and expert testimony, primarily class actions. Areas of litigation included predatory lending, deceptive credit card practices, auto fraud, unfair and deceptive insurance practices, debt collection abuse, and other unfair and deceptive business practices.

**Assistant Dean for Clinical Education and**
**Visiting Assistant Professor of Law**          August 1992-August 1995

School of Law
Southern Methodist University
Dallas, Texas

Classroom teaching and direct supervision of law student attorneys, who provide legal services to low-income people as part of the SMU Civil Clinic. Primary areas of representation were consumer protection and employee rights.

**Assistant Attorney General**          November 1984-January 1992
State of Texas
Dallas, Texas

As the assistant attorney general in charge of the Dallas Regional Office,

**EXHIBIT 1**
**CURRICULAM VITAE OF STEPHEN GARDNER**

supervised the work of legal and professional staff, as well as handled a sizable consumer protection caseload.  The office's source of primary jurisdiction is the Texas Deceptive Trade Practices Act, which covers all false, misleading, or deceptive practices, including consumer credit, false advertising, and hazardous products.

**Assistant Attorney General**                    November 1982-November 1984
State of New York
New York, New York

As an assistant attorney general in the Bureau of Consumer Frauds and Protection, represented the interests of consumers in a wide variety of cases. Areas of involvement included deceptive practices, misleading advertising, overcharging tenants under New York rent stabilization laws, Truth in Lending, and electronic fund transfers.

**Director, Office of the Students' Attorney**     November 1981-October 1982
University of Texas
Austin, Texas

As director of the office, responsible for a staff of approximately 20 full- and part-time employees.  Along with two other attorneys and several law clerks, practiced a wide variety of civil litigation, concentrated in consumer and landlord-tenant law.  In addition, taught a course designed to increase lay awareness of day to day legal problems and issues; guest-lectured to University classes, speaking to some 2,000 students yearly; and, as another means of making people aware of their legal rights and responsibilities, wrote a legal column for the University paper, *The Daily Texan*.

**Legal Aid Society of Central Texas**            January 1976-October 1981
Austin, Texas

As a staff attorney, represented low income people in the consumer law area, concentrating on credit disclosure laws, deceptive trade practices, and debt collection abuses.  In the course of representing clients, practiced in trial and appellate courts, both state and federal.

**PROFESSIONAL HONORS AND ACTIVITIES**

EXHIBIT 1
**CURRICULAM VITAE OF STEPHEN GARDNER**

**Board of Governors of the Federal Reserve System, Consumer Advisory Council, 1986-1989**

Congress created the 30-member Council to advise the Board and its staff on issues affecting consumer credit.

**Consumers Union of U.S., Inc, Board of Directors, 1997-2000**

Consumers Union is the publisher of *Consumer Reports*.

**Center for Science in the Public Interest, Nutrition Action Hall of Fame, 1991**

This honor was based on "crusading efforts to halt deceptive labeling and advertising of foods and to inspire other law enforcement officials to do the same."

**National Association of Attorneys General "Marvin Award," 1988**

This award is given annually to individuals who demonstrate "outstanding leadership, expertise, and achievement" in advancing the goals of the Association.

**National Association of Consumer Advocates, Member of Board of Directors, 1996-2002; Chair Emeritus, 2002-present**

The Association is active in consumer protection matters. In the past, it has provided Congressional testimony; filed *amicus curiae* briefs in numerous courts, including the United States Supreme Court; and engaged in administrative advocacy before federal agencies considering regulations affecting consumer rights. Membership is limited to lawyers and others who focus on consumer advocacy.

**National Consumer Law Center, Consumer Law Fellow, 1980**

The fellowship involved researching and writing in the consumer law field, primarily submitting comments to the Federal Trade Commission's proposed Credit Practices Rule and the Federal Reserve Board's amendments to Regulation Z pursuant to the Truth in Lending Simplification Act.

**EXHIBIT 1**
**CURRICULAM VITAE OF STEPHEN GARDNER**

**Texas Board of Legal Specialization, Certification in Civil Trial Law, 1989-present**

Certification is given to those attorneys licensed in Texas who demonstrate substantial involvement and special competence in civil trial law, and is based on references, recommendations, extent of practice, and a written exam.

**Who's Who in America (2005)**

**Who's Who in American Law (2004)**

**SIGNIFICANT PUBLICATIONS**

CAVEAT VENDOR, State Bar of Texas (editor 1980-1982)

*Class Action Litigation Developments—Shifting Sands or Firm Foundation?*
    ADVANCED COMMERCIAL AND CONSUMER LAW (State Bar of Texas 1999)

CONSUMER CLASS ACTIONS (National Consumer Law Center, 5th ed.)
    (contributing author)

*Consumer Credit in the Year 2000* (Phillips Business Information 1993)

*Consumer Credit Counseling Services: Current Practices and Proposals for Change*, Vol
    13, Nos. 1 & 2, ADVANCING THE CONSUMER INTEREST 30 (2001)

*Credit Reports: Basic Rights and Responsibilities of Creditors and Consumers,*
    CONSUMER FINANCE LAW QUARTERLY REPORT, Vol. 59 No. 3, 248
    (Conference on Consumer Finance Law Fall 2005)

*Credit Reports: Creditors' Rights and Responsibilities*, ADVANCED CREDITORS' RIGHTS
    (State Bar of Texas 1996)

*Credit Reports: In and Out of Bankruptcy Court*, ADVANCED CONSUMER BANKRUPTCY
    (State Bar of Texas 1996)

*DTPA: Current and Projected Issues*, ADVANCED PRACTICE POINTERS AND TRIAL TIPS
    (Texas Trial Lawyers Ass'n 1992)

**EXHIBIT 1**
**CURRICULAM VITAE OF STEPHEN GARDNER**

1  *Examination, Options, and Solutions: Socratic Method*, AMERICA'S FOODS: HEALTH
2      MESSAGES AND CLAIMS (Tillotson ed. 1993) (panelist)

3  *Federal Consumer Law Update*, ADVANCED DTPA/CONSUMER/INSURANCE LAW
4      (State Bar of Texas 1997)

5  *How Green Were My Values: Regulation of Environmental Marketing Claims*,
6      UNIVERSITY OF TOLEDO LAW REVIEW, Vol. 23, No. 1 (1991)

7  *Legislative Developments in Landlord/Tenant Relations*, REAL ESTATE LAW (State Bar
8      of Texas 1980)

9  *Litigation as a Tool in Food Advertising: A Consumer Advocacy Viewpoint*, LOYOLA
10     LAW REVIEW, Vol. 39, No. 1 (2006)

11  *Lost in the Supermarket:  Consumer Confusion and Marketing Mania, in* NUTRITION
12     LABELING HANDBOOK 373 (Shapiro ed., 1995)

13  NAT'L ASS'N OF CONSUMER ADVOCATES, STANDARDS AND GUIDELINES FOR
14     LITIGATING AND SETTLING CONSUMER CLASS ACTIONS (Rev. Ed. 2006;
15     original version published at 176 F.R.D. 375 (1998) (principal author)

16  NATIONAL ASSOCIATION OF ATTORNEYS GENERAL REPORT OF THE TASK FORCE ON
17     THE AIR TRAVEL INDUSTRY (1987) (co-author)

18  NEW YORK STATE BAR ASS'N ANTITRUST LAW SECTION SYMPOSIUM (1991) (co-
19     author)

20  H. NEWBERG & A. CONTE, NEWBERG ON CLASS ACTIONS (4th ed. 2002)
21     (contributing editor)

22  *A Primer on Class Actions in Texas*, STATE BAR COLLEGE "SUMMER SCHOOL" (State
23     Bar of Texas 2001)

24  *Privacy and Debt Collection Implications of the Fair Credit Reporting Act and the 2003
25      FACT Act*, CONSUMER FINANCE LAW QUARTERLY REPORT, Vol. 58, Nos. 1-2,
26     46 (Conference on Consumer Finance Law, Spring-Summer 2004)

27  *Question: Is a Settlement Class Subject to All Rule 23 Requirements? Answer: "Yes and

**EXHIBIT 1**
28  **CURRICULAM VITAE OF STEPHEN GARDNER**

*No," Says the Supreme Court*, CONSUMER ADVOCATE, Vol. 3, NO. 3 (May/June 1997)

*Representing Consumers: Ethical and Practical Considerations in the Attorney-Client Relationship*, CONSUMER & PERSONAL RIGHTS LITIGATION VOL. VIII, NOS. 1-2 (American Bar Association 2004), *reprinted in* BEST OF COMMITTEE PERIODICALS (American Bar Association 2004)

*See Dick and Jane Sue: A Primer on State Consumer Protection Laws*, PRODUCT DISTRIBUTION AND MARKETING (American Law Institute, 1991; revised 1992)

*Settlement Class Actions—Part Two: The Texas Supreme Court's General Motors Decision*, CLASS ACTIONS & DERIVATIVE SUITS, Vol. 6, No. 2 (American Bar Association, Spring 1996)

TEXAS PRACTICE GUIDE (State Bar of Texas, 2d ed. 1985) (co-author)

THE PRACTICE OF CONSUMER LAW (National Consumer Law Center) (co-author)

*The Impact of International Trade Agreements on Consumer Rights*, CONSUMER FINANCE LAW QUARTERLY REPORT, Vol. 59, Nos. 1-2, 90 (Conference on Consumer Finance Law Spring-Summer 2005)

*The Texas Attorney General and Consumer Protection: I'm from the Government and I'm Here to Help You*, COMPREHENSIVE CONSUMER LAW (State Bar of Texas 1994)

UNFAIR AND DECEPTIVE ACTS AND PRACTICES (National Consumer Law Center, 6th ed.) (contributing author)

**MAJOR REPORTED LITIGATION**

*Abrams v. Cohen*, 473 N.Y.S. 2d 98 (New York County 1983)

This case of first impression established that it is illegal under New York law to sue on a consumer debt except in the county where the consumer resided or in which the debt was incurred.

---

**EXHIBIT 1**
**CURRICULAM VITAE OF STEPHEN GARDNER**

1  *Alaska v. Department of Transportation*, 868 F.2d 441 (D.C. Cir. 1989)

2

3  Twenty-seven attorneys general sued the Department of Transportation for illegal promulgation of a rule allowing deceptive advertising by airlines.  Served as lead counsel.

4

5  *General Motors Corp. v. Bloyed*, 916 S.W.2d 949 (Tex. 1996).

6

7  Texas Supreme Court rejected trial court's approval of class action settlement involving General Motors trucks with dangerous side-saddle fuel tanks.

8

9  *Kellogg v. Morales*, 763 F.Supp. 1369 (N.D. Tex. 1991), *aff'd* 940 F.2d 1530 (5th Cir. 1991)

10

11  In this case, a federal district court affirmed the right of the State of Texas to regulate disease-preventative claims for foods.

12

13  *Morales v. Trans World Airlines, Inc.*, 112 S.Ct. 2031 (1992)

14

15  Briefed and argued this case before the United States Supreme Court.  Primary issue was preemption of state consumer protection laws by the Federal Aviation Act.

16

17  *Rodriguez v. Sarabyn*, 129 F.3d 760 (5th Cir. 1997)

18

19  The Fifth Circuit held that (1) an employer may be held liable for intentional torts such as defamation committed by an employee and (2) this rule applies equally to the federal government as it would to a private employer.

20

21  *State of Texas v. Mother and Unborn Baby Care of North Texas, Inc. d/b/a Problem Pregnancy Center*, 749 S.W.2d 533 (Tex.  App.—Fort Worth 1988), *writ denied* (Tex. Sup. 1988), *cert. denied mem.*, 109 S.Ct. 2431 (1989)

22

23  A Fort Worth jury found that this corporation had deceptively operated a right-to-life center by advertising it as an abortion clinic, with the intent to trap unwary pregnant women.  Affirmed on appeal.

24

25

26

27

28

---

**EXHIBIT 1**
**CURRICULAM VITAE OF STEPHEN GARDNER**

*Upjohn Co. v. Freeman*, 906 S.W.2d 92 (Tex. App.—Dallas 1995)

In an intervention on behalf of Public Citizen, this case affirmed the right of public access to numerous documents relating to the safety of the drug Halcion that were produced in discovery and at the trial of a private negligence and products liability lawsuit.

**EXPERT WITNESS**

*Ameris v. Consumer Credit Counseling Service of Greater Dallas, Inc.*, District Court of Dallas County, Texas, No. 97-00558-D (consumer perceptions and class action certification)

*Bayhille v. Jiffy Lube International, Inc.*, District Court of Cherokee County, Oklahoma, Case No. CJ-2002-352 (consumer perceptions and class action certification)

*Bloom v. Herbalife International Distribution, Inc.*, Superior Court of San Diego, California, No. GIC-731141 (food and drug law)

*Boehr v. Bank of America*, United States District Court for the District of Arizona, No. Civ-99 22 65 PHX RCB (class action certification)

*Campbell v. Airtouch Cellular*, Superior Court of San Francisco County, California, Case No. GIC 751725 (class action certification)

*Chavez v. Netflix, Inc.*, Superior Court of San Francisco, California, No. CGC-04-434884 (consumer behavior and class action certification)

*Community Bank of Northern Virginia and Guaranty National Bank of Tallahassee Second Mortgage Litigation*, United States District Court for the Western District of Pennsylvania, No. 03-0425 (class action certification)

*Courville v. UDR Western Residential, Inc.*, County Court at Law of Dallas County, Texas, No. CC-00-01619-A (utility regulation and class action certification)

*Dotson v. Bell Atlantic—Maryland, Inc.*, Circuit Court for Prince George's County, Maryland, No. CAL 99-21004 (class action certification)

*Gosselin v. Nitro 2 Go, Inc., et al.*, Case No. RIC 389336, Superior Court of Riverside County, California (consumer perceptions and food and drug law)

*Groveman v. Trans Union Corporation*, United States District Court for the Northern District of Texas, Civil Action No. 3:95-CV-2067-X (credit reports)

*Hendricksen v. Metabolife International, Inc.*, Superior Court of San Bernadino

**EXHIBIT 1**
**CURRICULAM VITAE OF STEPHEN GARDNER**

County, California, No. RCV57282 (food and drug law)

*Hughes v. American Health & Life Ins. Co.*, Circuit Court of the State of Alabama, No. CV 96-615 (class action settlement)

*In re Mexico Money Transfer Litigation,* United States District Court for the Northern District of Illinois, No.98-C-2407 (class action certification)

*Levin v. UDR Residential, Inc.*, District Court of Tarrant County, Texas, No. 348-174435-98 (utility regulation and class action certification)

*Liles v. American Corrective Counseling Services, Inc.*, United States District Court for the Southern District of Iowa, No. 4-00-CV-10487 (class action certification)

*McDonald's Corp. v. Steel*, Royal Courts of Justice, London, England, No. 1990-M-NO.S724 (consumer perceptions and nutrition labeling)

*Milkman v. American Travellers Life Insurance Company et al.*, Case No. 03775, Philadelphia Court of Common Pleas (2002) (class action settlement)

*Porter v. Laci Le Beau Corp.*, Superior Court of San Francisco, California, No. 531430-7 (food and drug law)

*Record v. Bowser Oaks Homeowners' Ass'n*, District Court of Dallas County, Texas, No. 95-12304-M (debt collection)

*Sincal v. CMH Parks, Inc.*, District Court of Denton County, Texas, No. 98-30469-211 (utility regulation and class action certification)

*Thompson v. TCI Cablevision of Washington, Inc.*, Superior Court of Washington, No. 94-2-00243-2 (class action certification)

*Wilson v. Massachusetts Mutual Life Insurance Co.*, First Judicial District Court, State of New Mexico, No. D-101-CV 98-02814 (class action certification and settlement)

**EXHIBIT 1**
**CURRICULAM VITAE OF STEPHEN GARDNER**