FRANCIS & MAILMAN P.C.
JAMES A. FRANCIS (*pro hac vice* forthcoming)
DAVID A. SEARLES (*pro hac vice* forthcoming)
100 S. Broad Street, 19th Floor
Philadelphia, PA 19110
Tel: (215) 735-8600; Fax: (215) 940-8000
jfrancis@consumerlawfirm.com
dsearles@consumerlawfirm.com

CENTER FOR SCIENCE IN THE PUBLIC INTEREST
STEPHEN GARDNER
5646 Milton Street Suite 211
Dallas, TX 75206
Tel: (214) 827-2774; Fax: (214) 827-2787
sgardner@cspinet.org

THE GOLAN LAW FIRM
YVETTE GOLAN (*by pro hac vice*)
1919 Decatur St.
Houston, TX 77007
Tel: (866) 298-4150 x101
Fax: (928) 441-8250
ygolan@tgfirm.com

FLASHPOINT LAW, INC.
SHIRISH GUPTA (SBN 205584)
1900 S. Norfolk Street, Suite 350
San Mateo, CA 94403
Telephone:  (650) 539-4019
sgupta@flashpointlaw.com

*Proposed Interim Lead Class Counsel and Attorneys for Plaintiff Sara Sandys*

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARA SANDYS and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>NAKED JUICE COMPANY, a California corporation; PEPSICO INC., a New York corporation; and DOES 1-100,<br><br>Defendants. | Case No. LA CV11-08007-JAK (PLAx)<br><br>**DECLARATION OF JAMES A. FRANCIS IN SUPPORT OF PLAINTIFF'S AMENDED MOTION FOR ORDER APPOINTING INTERIM LEAD CLASS COUNSEL**<br><br>Hearing<br>Date: February 6, 2012<br>Time: 8:30 a.m.<br>Place: Courtroom 750, 7th Floor<br><br>Action Filed: September 27, 2011 |

1
DECLARATION OF YVETTE GOLAN IN SUPPORT OF PLAINTIFF'S AMENDED MOTION FOR ORDER APPOINTING INTERIM LEAD CLASS COUNSEL

# DECLARATION OF YVETTE GOLAN

I, Yvette Golan, declare as follows:

1. I am the founding partner of The Golan Firm, counsel for the plaintiff, in *Sandys v. Naked Juice Co., et al.*, Case No. LA CV11-08007-JAK, filed on September 27, 2011 in the United States District Court for the Central District of California. The following statements are based on my personal knowledge and the records of the B&A Group. If called to testify as a witness, I could and would competently testify thereto.

2. I graduated Cornell Law School *magna cum laude* in 2002, whereupon I clerked for Judge J. Clifford Wallace of the Ninth Circuit Court of Appeals, in San Diego, CA. I continued my litigation career at the Chicago office of Kirkland & Ellis LLP, where I defended major corporations in complex class actions, including multiple state-wide and national class actions against General Motors for alleged engine, coolant, and cooling system defects, W.R. Grace in asbestos class actions, and other Fortune 100 companies. In my time at Kirkland & Ellis, I took responsibility for discovering and presenting much of the mechanical and engineering data and evidence necessary in such litigation. I then relocated to Texas, where I continued my legal work but focused my time in the business arena, particularly in the consumer products industry, and developed experience and knowledge in sourcing, distribution, and retailer networks.

3. In 2011, I returned full-time to the practice of law, forming the Golan Firm to focus on food-related class action litigation.

4. I conducted and led the original investigation that first identified the factual and legal claims forming the basis of this action. I drafted the complaint based on my own factual and legal investigation. Much of the evidence I uncovered is not included as allegations to the complaint except as needed to meet

2
DECLARATION OF YVETTE GOLAN IN SUPPORT OF PLAINTIFF'S AMENDED MOTION FOR ORDER APPOINTING INTERIM LEAD CLASS COUNSEL

the pleading standards and requirements.

5. I wrote the *Sandys* complaint, a detailed and comprehensive complaint that reflects the care and commitment Sandys' counsel devoted, and will continue to devote, to this litigation. In particular, the *Sandys* complaint presents the most complete factual investigation and seeks the most complete remedy. I was also the first to file suit, and the *Sandys* action was the first to publicly uncover the Defendants' wrongs.

6. The investigation and complaint-drafting process required significant outlay of time, effort, and expense.

7. I did not have the benefit of any non-profit group's prior investigation, any prior regulatory investigation or complaint, any previously filed legal complaint, or any of the other common crutches that many other class action attorneys use.

8. Before filing the action in *Sandys*, I diligently searched to see if there were already pending any class action lawsuits, individual lawsuits, government investigations, or other investigations or claims related to the claims made in the complaint. I found no such pending proceeding, case, or investigation.

9. Upon information and belief, my investigation was the first to identify the potential claims in the action, including a methodical and time-intensive investigation of the ingredients Defendants used in their beverages, the sources of those ingredients, food ingredient production methods, Naked Juice and PepsiCo's knowledge thereof, differences in molecular structures of various ingredient formulations, and the health and environmental effects thereof.

10. I spoke to experts in the food and beverage industry, medical industry, and consumer product industry, including the Center for Science in the Public Interest ("CSPI"). I obtained data from ingredient suppliers, food manufacturers,

3
DECLARATION OF YVETTE GOLAN IN SUPPORT OF PLAINTIFF'S AMENDED MOTION FOR ORDER
APPOINTING INTERIM LEAD CLASS COUNSEL

industry groups, and trade association events. I consulted learned treatises, federal and trade databases, international databases and sources, research texts, and experimental data.

11. I investigated and analyzed the claims made by the Defendants on Naked Juice packaging and the non-juice and non-"all natural" ingredients contained in Naked Juice products.

12. I analyzed the non-juice and non-"all natural" ingredients by conducting research using scientific texts, government documents from the Food and Drug Administration and the Department of Agriculture, food-related public interest groups, and publicly available information from the Defendants.

13. I conducted a thorough legal analysis regarding the applicability and viability of each substantive cause of action asserted and each required element of class certification. I also conducted extensive research regarding federal food-related regulations, FDA policy, and common law precedent on food-labeling issues.

14. I also conducted the investigation and wrote the complaint in *Bates v. Kashi Co. et al.,* 3:11-cv-01967-H-BGS (S.D. Cal.), filed August 24, 2011, a class action that challenges food labeling fraud similar to the instant action.

15. No attorney or representative in the Pappas Group attempted to contact me before filing their respective lawsuit. I did not know that these suits were filed until after the fact.

16. With the assistance of Berg & Androphy, including the work of David Berg and Chris Gadoury, I continued to conduct the factual investigation necessary in this litigation. We consulted with experts, compared Defendants' products with competing products, tested Naked Juice products for genetically modified ingredients, analyzed food testing methodologies, and retained experts in the fields

4
DECLARATION OF YVETTE GOLAN IN SUPPORT OF PLAINTIFF'S AMENDED MOTION FOR ORDER
APPOINTING INTERIM LEAD CLASS COUNSEL

of food production, food additives, consumer behaviors, branding, economic damages, and other areas. I continued to further investigate and develop the legal claims asserted in *Sandys*.

17. Since mid-September 2011, Stephen Gardner and I discussed the legal and factual issues involved in a similar class action I filed, *Bates v. Kashi et al.* Mr. Gardner is the Director of Litigation at CSPI. I valued Mr. Gardner's experience in past food-related class action litigation, and I sought his advice and thoughts.

18. We discussed the cases often – sometimes several times a week, and often for extended periods of time. I had equally in-depth discussions with others at CSPI, including technical conversations about specific ingredients in both Kashi products and Naked Juice beverages.

19. After meeting with Mr. Gardner on several occasions and visiting CSPI's Washington D.C. headquarters in December, 2011, I developed a deep respect for CSPI, its people, and its mission. I also, and his opinions on this case and in *Bates v. Kashi et al.*

20. I also discussed the factual allegations and legal claims made in this matter with several attorneys, including in early November with James A. Francis of Francis & Mailman, P.C. I met with Mr. Francis in early November in Chicago, IL, where we discussed class actions in general, and briefly discussed this case and *Bates v. Kashi Co. et al.*, in particular.

21. After our original Motion to Appoint Interim Lead Counsel, Dkt. 23, filed on November, 28, 2011, I continued to discuss this case with Mr. Gardner, Mr. Francis, and later, David A. Searle, also an attorney at Francis & Mailman P.C. I valued their legal opinions and their strategic advice, but I also respected their character. They have integrity in their word, strength in their beliefs, and the courage to act. These are qualities that all lawyers should strive to attain, and I

sought to convince them to join as co-counsel in this matter.

22. CSPI and Francis & Mailman P.C. both gave their formal approval to co-counsel on this action yesterday, on January 31, 2012. I discussed the co-counseling relationship with David Berg of Berg & Androphy, who communicated with me that he thought this was "great" for the case.

23. I immediately informed the Defendants and the plaintiffs' counsel in the four related actions that CSPI and Francis & Mailman P.C. were joining as co-counsel and as proposed interim lead counsel in this action.

24. CSPI's industry relationships and its enormous success and experience in food-related class actions and investigations, as well as Francis & Mailman P.C.'s enormous success and experience in obtaining millions of dollars in verdicts and settlements, including its experience in actual class action trial work, makes them ideally positioned to provide the best representation of the class.

25. The Sandys Group has and will continue to commit all necessary resources required to zealously prosecute this action and adequately represent the class – including the needed and significant financial investment and the substantial time of its attorneys, giving each stage of litigation the care and attention it requires.

I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct.

Executed this 1st day of February 2012 in Houston, TX.

/s/ Yvette Golan

Yvette Golan

6
DECLARATION OF YVETTE GOLAN IN SUPPORT OF PLAINTIFF'S AMENDED MOTION FOR ORDER APPOINTING INTERIM LEAD CLASS COUNSEL